STATE OF MISSOURI at the Relation of FRANCES HARRINGTON, a Minor by FRANK L. HARRINGTON, her Guardian and Curator, Plaintiff, v. ARTHUR L. PRATT, Judge of the Probate Court of Linn County, Missouri, and J. A. MAIRS as Administrator of the Estate of HELEN CLORA HARRINGTON, Deceased, F. W. POWERS and SALLIE A. MAIRS, Defendants.

Kansas City Court of Appeals, November 2, 1914.

1. PROHIBITION, WRIT OF: Probate Courts: Abuse of Judicial Power. Where a court has jurisdiction over the parties and subject-matter and is proceeding in the cause according to the course prescribed by law, the fact that it errs in the construction of the pleadings, or in giving weight and probative value to evidence which has no value, would constitute an error of law reviewable on appeal, but would not amount to an abuse of judicial power for the redress of which an extraordinary writ should issue.

2. ———: ———. Where a court has no jurisdiction to proceed in a cause until the return term the appointment of an administratior ad litem is a nullity as is also the judgment subsequently rendered.

Original Proceeding in Prohibition.

WRIT AWARDED.

A. W. Mullins for appellant.

(1) It was not necessary that the heir to the estate of decedent or her guardian should have been notified of the intended presentation of the claims for allowance in the probate court. Ramsey v. Hicks, 53 Mo. App. 190. (2) "The probate courts of this State in the allowance and classification of demands against estates are upon the same footing with courts of general jurisdiction and their judgments possess the same

efficacy and solemnity, and the same presumptions of validity attached to them as to circuit courts." Cooper v. Duncan, 20 Mo. App. 355; Johnson v. Beazley, 65 Mo. 250; Smiths v. Sims, 77 Mo. 269; Henry v. Mc-Kerlie, 78 Mo. 416. (3) If the administrator, Doctor Mairs, knew that the claims of his wife against the estate of their deceased daughter, probated against her estate, were correct and just (and this he certainly did know,) then, manifestly, it was not his duty to contest the allowance of those claims in the probate court. Ramsey v. Hicks, 53 Mo. App. 193.

*E. O. Jones* and *Campbell & Ellison* for relators.

(1) The writ is not confined to cases where the court has no jurisdiction at all but extends to cases where the court having jurisdiction of the suit exceeds its legitimate powers. State v. Sale, 188 Mo. 497. (2) It is not necessary that the want of jurisdiction shall appear upon the face of the proceedings. 23 Am. & Eng. Ency. Law, 199. (3) The rule supported by the great weight of authority is that the writ will lie in all cases either of abuse or usurpation of jurisdiction by an inferior tribunal. 32 Cyc. 604.

JOHNSON, J.—This is an original proceeding in prohibition. A preliminary writ was issued and we appointed the Hon. B. R. Dysart of Macon county, commissioner, to take and report the evidence which, as reported, discloses the following facts:

The relator Frances Harrington, who appears by Frank L. Harrington, her father and legal guardian and curator, was the only child born of the marriage of her father and her mother Helen Clora Harrington. Shortly after her birth in 1899, her father and mother were divorced and her mother moved to St. Louis where she resided until her death which occurred in November, 1912. From infancy until after the death

of her mother relator lived at Browning, Linn county, with her mother's parents, Dr. J. A. Mairs and his wife Sallie A. Mairs. Sometime after her mother's death relator went to live with her father who resides in Kirksville and who was appointed her guardian and curator. Relator's mother left an estate consisting of money and other personal property of the total value of about $2000, and Dr. Mairs was appointed administrator of the estate by the probate court of Linn county.

On January 29, 1913, Sallie A. Mairs exhibited to her husband, as such administrator, a demand against the estate in the sum of $1706.65. Of this sum $1425 appear as money loaned by the claimant to her daughter at various times from July 4, 1910, to September 8, 1911, and $301.65 as money advanced for funeral expenses. Dr. Mairs waived service of notice of the presentment of the demand and on the following day Mrs. Mairs and her witnesses went to the probate court, which was then in session at Linneus, to present the claim and procure its allowance. Dr. Mairs did not accompany them but remained at Browning. On finding that the claimant was the wife of the administrator the court appointed Fred W. Powers an attorney "to defend against such claim." Mr. Powers was notified by telephone and appeared in court a few moments after his appointment. He offered no objections to an immediate hearing of the claim and assisted in the interrogation of the witnesses introduced by Mrs. Mairs. No evidence to sustain the claim for funeral expenses was offered. In support of the claim that she had repeatedly sent money to her daughter with the understanding that it would be repaid, the claimant introduced two bankers of Browning who testified that Mrs. Mairs had frequently bought drafts at their respective banks and sent them to her daughter. The cancelled drafts, bearing the daughter's indorsement,

were produced and received in evidence, but it does not appear that any legal evidence was offered to show that these remittances from mother to daughter were loans and not gifts or payments.

Following the hearing, and on the same day, the court entered the following judgment:

"Now at this day comes Sallie A. Mairs and presents demand founded on account for cash furnished deceased from February 4, 1910, to August 24, 1912, to the amount of fourteen hundred and twenty-five dollars ($1425), and funeral expenses to the amount of three hundred and one dollars and twenty-five cents ($301.25), and said demand being verified by the affidavit of claimant and notice of the presentation of same for allowance having been waived by the administrator and the matter of the claim coming on for hearing and determination, and it appearing to the court that the claimant is the wife of the administrator, the court doth appoint Fred W. Powers to defend against such claim; and all of the parties answering ready for trial the claimant makes proof of her demand, and thereupon the court doth allow the sum of seventeen hundred and twenty-six dollars and twenty-five cents ($1726.25) in favor of claimant, Sallie A. Mairs, and against the estate of Helen Clora Harrington, deceased, with interest from this date at the rate of six per cent per annum and costs; and the sum of three hundred and one dollars and five cents ($301.05) being for funeral expenses of deceased that amount, to-wit: Three hundred and one dollars and five cents ($301.05) is assigned to the first class of demands, and the remainder of the amount allowed, to-wit: Fourteen hundred and twenty-five dollars ($1425) is assigned to the fifth class of demands."

No notice of the demand or of its presentation to the court was given to relator or her father.

At the hearing before our commissioner Mrs. Mairs testified (the relator objecting to her competency as a witness) that the remittances were loans which her daughter agreed to repay. The two bankers testified that on the different occasions when drafts were bought by Mrs. Mairs, she stated she was lending the money to her daughter who had promised to repay her, and one of the bankers stated that on some occasions the daughter came to the bank with her mother or father and always spoke about paying the money back.

There was evidence heard by our commissioner tending to support the claim for funeral expenses but it is argued that neither such evidence nor evidence supporting the claim for money loaned which was not heard by the probate court can have any bearing on the question of whether or not that court exceeded its· jurisdiction in allowing a demand which was unsustained by legal evidence. This is true and it must be conceded that the .demand was not supported by sufficient evidence and therefore that the court erred in rendering judgment for the claimant, but it does not follow from this concession that such error would warrant relator's resort to the extraordinary remedy of prohibition. Where a judge assumes to exercise a judicial power not granted by law prohibition will lie to restrain him and to check the execution of an extra-jurisdictional and void judgment rendered by him, whether such excessive exercise of power occurs in a cause clearly beyond the scope of his jurisdiction, or is an unauthorized application of judicial force in a cause over which he has jurisdiction. [Railroad Co. v. Wear, 135 Mo. l. c. 256.]

But prohibition is not an ordinary, but an extraordinary and drastic, remedy, the function of which is to correct and prevent the exercise of extrajurisdictional power. It is not a writ of right (State ex rel.

v. Sale, 188 Mo. l. c. 496) and should not be employed for the correction of mere judicial errors and may be employed only in instances where it appears that no other means will suffice to keep the court addressed within the bounds of its lawful jurisdiction.

Where the court has jurisdiction over the parties and subject-matter and is proceeding in the cause according to the course prescribed by law, the fact that it errs in the construction of the pleadings, or in giving weight and probative value to evidence which has no value, would constitute an error of law reviewable on appeal, but would not amount to an abuse of judicial power for the redress of which an extraordinary writ should issue. (State ex rel. v. Tracy, 237 Mo. 109.) In the instant case if the probate court had jurisdiction over the parties and the subject-matter and, in hearing the cause, was proceeding in the course prescribed by law, the fact that it erred in rendering judgment for the claimant upon insufficient evidence would not warrant relator in invoking extraordinary relief.

But it is argued that "the probate court had no jurisdiction to hear the claim on January 30, 1913, because the waiver of service of notice of the presentation of said claim was not made ten days before the first day of the term at which it was allowed."

As stated, the claim was exhibited to the administrator at Browning on January 29th and he waived service of notice in writing on that date. The claim was filed the next day and the hearing and adjudication followed in the course of an hour. The position of the relator is that "the filing of the demand in the probate court on January 30, 1913, gave the probate court jurisdiction of the claim, but it did not confer jurisdiction to hear the same on the day it was filed. The probate court did not have jurisdiction to hear the claim until the next regular or adjourned term

after it was filed," citing sections 203, 204, 205, Revised Statutes 1909.

Section 194, Revised Statutes 1909, provides that "any person may exhibit his demands against such estate by serving upon the . . . administrator a notice, in writing, stating the amount and nature of his claim with a copy of the instrument of writing or account upon which the claim is founded and such claim shall be considered legally exhibited from the time of serving such notice, or a waiver of such notice in writing by . . . the administrator."

Section 203 requires the notice served upon the administrator to state that the claim will be presented to the probate court for allowance at the next regular or adjourned term of court, and section 204 requires that such notice be served upon the administrator "ten days before the beginning of such regular or adjourned term of the court."

Section 205 provides "the . . . administrator may appear in court, or by writing, waive the service of any such notice."

Not only must the claimant exhibit his demand to the administrator in the manner prescribed in the sections we have referred to but he must file his demand in court, together with his affidavit "stating to the best of his knowledge and belief that he has given credit to the estate for all payments and offsets to which it is entitled and that the balance claimed is justly due." Section 201.

It is further provided in said section that "such affidavit shall not be received as any evidence of said demand or credit but the same shall be established by competent legal testimony before it is allowed or adjusted."

The exhibition of the demand to the administrator and the filing of a verified statement of the demand in court are jurisdictional and the probate court is with-

out authority to hear and adjudicate a demand without substantial performance of these indispensable requirements (Jenkins v. Morrow, 131 Mo. App. 288), and where the administrator does not "appear in court, or, by writing, waive the service of notice," the court is without authority to hear and determine the demand at an earlier time than that specified in a notice given and served upon the administrator in conformity with the requirements of sections 203 and 204.

Such notice has been likened to a summons (Stephens v. Bernays, 119 Mo. 143), and the administrator, as the representative of all parties interested in the estate, is in the position of defendant to the action of the claimant. He may waive service of the notice either by appearing in court or in writing, just as a defendant in any civil action may waive service of summons. It was incumbent upon the plaintiff to give notice in writing stating that she would present her demand for allowance at the next regular or adjourned term of the court (Section 203) and serve it on the administrator ten days before the beginning of such regular or adjourned term (Section 204), and in waiving the service of such notice in writing the administrator did not thereby consent to an earlier hearing than that provided by law and the probate court erred in treating such waiver as conferring jurisdiction to hear the cause at the term in which the notice was given.

It is not necessary to decide whether or not the administrator could have conferred such jurisdiction by appearing in court and consenting to an immediate hearing. He made no such appearance and in his written waiver of service made no attempt to enter his appearance before the return term of the notice.

Since the court had no jurisdiction to proceed in the cause until the return term the appointment of

the administrator *ad litem* was a nullity, as was also the judgment subsequently rendered.

What we have held applies with equal force to another demand allowed in favor of claimant on April 30, 1913.

A final writ of prohibition is awarded, as prayed. All concur.