# W. C. KEATON, Appellant, v. PAUL HAMILTON et al.

### Division One, March 28, 1919.

1. **CONVEYANCES: By Stoddard County: Land in New Madrid County.** In 1869 Stoddard County had power to convey county land in Section 20, Township 24, Range 11 lying west of Little River, which now lies in New Madrid County.

2. **————: ————: ————: Patent from New Madrid County.** A patent from New Madrid County dated 1899, granting land lying in that part of Section 20, Township 24, Range 11 that is situate west of Little River, and which had in 1869 been granted by Stoddard County to a private person, conveyed no title to the patentee.

3. **JUDGMENT FOR TAXES: Deceased Defendant.** A judgment against one who died before verdict is void.

4. **LIMITATIONS: Adverse Possession: Broken.** To establish title by adverse possession under color of title, the claimant and those under whom he claims must be in continuous possession for ten years.

5. **————: Claim of Ownership: Mere Occupancy.** A mere occupancy of a shack on the land by trappers, under no claim for themselves or defendants, without the payment of rent or demand for any until less than one year before they left the property, did not satisfy the thirty-one-year statute.

6. ———: **Under Color of Title: Possession of Part: Acts of Owner-ship.** The inclosure and cultivation of a part of a tract of wild land under color of title to the whole and the possession of. the whole for four or five years, cutting of logs to build a house, and of posts, rails and fire wood, the cutting of timber from the whole and selling it, the payment of taxes and the building of a levee which protected the land, were acts of ownership, and present a question of fact whether they satisfied the requirements of Section 1832, Revised Statutes 1909, declaring that possession, under color of title, of a part of a tract, in the name of the whole, and exercising during such possession the usual acts of ownership, shall be deemed possession of the whole.

7. ———: ———: ———: **Size of Part Occupied.** Even if the rule that possession of a part under color of title draws to it possession of the whole "is subject to the proviso that the premises described in the conveyance consist of a single tract of a proper size to be managed and used as one body according to the usual manner of business of the county" and such proviso were the settled law of this State, it could not be applied to overcome a judgment where the descriptions in the conveyances abstracted for the appeal are not set out *in haec verba*, and the record fails to show the number of acres in either of the two fractional sections mentioned in the conveyances before the trial court, or the number of acres fenced and in possession.

8. ———: **Thiry-Year Statute: Payment of Taxes.** Where neither the owner of the paper title nor any one under whom he claims has ever been in possession of land patented in 1869, and there is ample evidence. that neither he nor any one under whom he claims or might claim has paid any taxes in more than forty years, and further ample evidence tending to show that the defendants have been in possession of a part of the tract, under color of title, claiming title to the whole and exercising acts of ownership for five years, a judgment for defendants under the thirty-one-year Statute of Limitations will not be disturbed on appeal.

9. ———: ———: ———: **Land Not Assessed for Taxes.** The fact that the land was not assessed for taxes for a number of years does not affect the right of one in possession under claim of ownership to claim title under the thirty-one-year Statute of Limitations.

Appeal from New Madrid Circuit Court.—*Hon. Frank Kelly,* Judge.

Affirmed.

*Brewer & Riley* for appellant.

(1) The land in question was in Stoddard County on May 1, 1869, and the commissioner's deed to Starrs conveyed the land to him Keaton v. Hamilton, 264 Mo. 574. (2) The judgment under which the land was sold for taxes in 1894 is void for the reason that William Burns, the defendant in said suit, died on December 3, 1893, and the first insertion of the order of publication containing the correct description of the land was not had until the 16th day of December, 1893. Kellogg v. Moore, 196 S. W. 15; State ex rel. v. Riley, 219 Mo. 685; Black on Judg. (2 Ed.) sec. 200. (3) The possession of Section 19 by the defendants under a deed including Section 20 is not such possession of Section 20 as put into effect the Statute of Limitations as to Section 20. Hickman v. Link, 97 Mo. 489; Schult v. Lindell, 30 Mo. 319; Keaton v. Hamilton, 264 Mo. 579; Turner v. Stevenson, 72 Mich. 409, 411; Tiedeman on Real Property, sec. 696; 3 Washburn on Real Property (3 Ed.), sec. 36, p. 137. (4) The possession of a small strip of land on the west edge of the land in question under a fence around Section 19 is not such possession of the rest of Section 20 as would invoke the Statute of Limitations. Herbst v. Merrifield, 133 Mo. 271; Musick v. Barney, 49 Mo. 463. (5) The proof is insufficient to support a finding that defendants were in the possession of the little house on Section 20 for one year, for, as the judgment sought to take the title from the plaintiff, the owner, and vest it in the defendants, the proof required by the thirty-year Statute of Limitations should be clearly made. Shumate v. Snyder, 140 Mo. 88; 2 Corpus Juris, p. 58, sec. 10. (6) The proof is insufficient to show that the plaintiff or those under whom he claims had not paid any taxes on the land in question for thirty-one years next before the filing of the petition in this cause. Brannock v. McHenry, 252 Mo. 9; Weir v. Lumber Co., 186 Mo. 388. (7) The failure of the

tax books examined by the witnesses Smith and Mitchell to show that the taxes were paid is no evidence of the non-payment of the taxes. Lewis v. Barnes, 199 S. W. 219.

*Brown & Gallivan* for respondent.

BLAIR, P. J.—Keaton appeals from an adverse judgment in a suit he brought under Section 2535, Revised Statutes 1909, to quiet title to that part of Section 20, Township 24, Range 13 lying west of Little River. The answer avers respondents own the land, pleads the ten and thirty-one year Statutes of Limitation and laches, and prays to have the title quieted. The judgment quiets the title in respondents.

The question presented is whether there is substantial evidence warranting a finding for respondents. The land involved was patented to the State under the Swamp Land Act of September 28, 1850, and passed to Stoddard County under the act of the General Assembly of 1851. The abstract shows Stoddard County conveyed to Starrs May 1, 1869, and the record title passed by *mesne* conveyances to appellant, who, in 1909, bought from the heirs of Burns, who acquired title in 1870 and died in 1893.

Respondents introduced in evidence a patent by the State to New Madrid County, dated 1875; patent from New Madrid County to Himmelberger, dated 1899, and deeds whereby Himmelberger's title, if any, to the land in suit and the east fractional half of Section 19, Township 24, Range 13, passed to respondents in the proportions set forth in the judgment. Respondents also offered in evidence a sheriff's deed under sale for taxes of 1888, 1889, 1890, 1891 and 1892. The petition in the tax suit was filed and order of publication made November 22, 1893, against Burns, through whom appellant claims. It appears that Burns died December 16, 1893. There is evidence that the first two or three publications of the order described the wrong land, and that

the order itself originally called for the wrong township, but that there had been an erasure and correction. The judgment description was not free 'from suspicion. Counsel for respondents did not claim the tax deed was valid, but stated it was offered "for the purpose of showing good faith . . . and as color of title."

In 1898 William Crumpecker, a tenant of respondents' grantors, cleared and fenced a tract of twenty or thirty acres on the east side of the east fractional half of Section 19 and occupied and cultivated it during 1898 and 1899. This inclosure included a small strip of the land in suit. Other tenants occupied this parcel and cultivated it, or most of it, until 1903. Between 1903 and 1907 it does not appear that any one was in the actual occupancy of the inclosure. In 1907 another tenant went into possession and was followed by Isaac Tippy. In 1907 two boys named Robinson built a small house or "shack" on Section 20 and occupied it for a time not very definitely shown. They were trappers and did not occupy as tenants except for one month, February, 1908.

Besides inclosing and clearing the tract above mentioned, Crumpecker cut from the land in suit rails, posts and fire wood and logs, out of which he built the house he erected on the clearing, and respondents' grantors sold off all the timber on the land in suit and the east fractional half of Section 19. Some drainage ditches were dug and a levee repaired (by respondents' grantors) which protected the land in suit. From 1894 down to the trial those under whom respondents claim paid all the taxes, and those under whom appellant claims paid no taxes. There was other testimony concerning the non-payment of taxes prior to 1894.

I. The land in dispute was in Stoddard County in 1869, and that county had the power to convey. The change of boundary whereby the land became a part of New Madrid County did not occur until 1872. This court

has so decided with respect to land in the
**Patent from Stoddard County.** same situation. [Keaton v. Hamilton, 264 Mo. 564.] The record shows a deed from Stoddard County, by special commissioner, Alfred Eltzroth, to Starrs in 1869. Appellant's record title from Starrs seems not to have been attacked in the trial court and is not assailed here.

II. Respondents offered a patent from the State to New Madrid County, dated in 1875, and certain pro-
**Patent from New Madrid.** ceedings of the county court between December, 1888, and May, 1899, and a patent from the county to Himmelberger in the last mentioned year. Hamilton, Wiles and Richard, by *mesne* conveyances, acquired the Himmelberger claim. So far as this record is concerned, it may be conceded Himmelberger got no title to any part of Section 20 by the patent of 1899, since that section west of Little River had passed into private ownership in 1869, and New Madrid County had no title to convey.

III. The tax deed of 1894 was offered solely as color of title. Respondents did not offer it as conveying
**Dead Defendant.** any title to their grantors. Under a recent decision, a judgment against one who dies before verdict is void. [Cole v. Parker-Washington Co., 276 Mo. 220.]

IV. There is no substantial evidence that there was any actual possession of any of the land in either
**Adverse Possession.** Section 20 or Section 19 for ten consecutive years. Crumpecker was in possession of part of Section 19 and part of Section 20 in 1898 and 1899. According to Smith, one of respondents' grantors, he and his co-owners had some one in possession of the tract Crumpecker fenced until May 21, 1903, when Allison bought. There is no evidence any one else was on the land until 1907, less than ten years before this suit was brought.

V. The possession of the Robinsons was not very clearly shown to have extended over an entire year. It is quite clear they did not take possession under **Trespass.** respondents. They were not tenants and no rent was demanded of them until February, 1908, less than a year before they left the property. They were trappers and occupied under no claim for themselves or respondents. Their possession did not satisfy the thirty-one-year statute. [Shumate v. Snyder, 140 Mo. 1. c. 88.]

VI. Section 1882, Revised Statutes 1909 reads as follows: "The possession, under color of title, of a part of a tract or lot of land, in the name of the whole tract claimed, and exercising, during the time of such possession, the usual acts of ownership over the whole tract so claimed, shall be deemed a possession of the whole of such land."

(a) The evidence tended to show that in 1898 respondents' grantors, by tenant, built a house on the east fractional half of Section 19 and fenced a tract of about twenty or thirty acres, which was partly on that part of Section 20 west of Little River. Most of the parcel was put in cultivation, and the whole was held and occupied by tenants of respondents' grantors until 1903. From that part of Section 20 in suit logs were taken to build the house on Section 19—posts and rails and fire wood were cut and all the timber was sold off the whole tract. Levee repairs were made on 19 which protected Section 20, and respondents and their grantors had paid the taxes for nearly twenty years. The number of acres in the east fractional half of Section 19 and that part of Section 20 west of Little River does not appear. There may be many acres in each or there may be but few. In this case the land was wild land. The entry was under color of title covering both the east fractional half of Section 19 and that part of Section 20 west of Little River. The actual occupancy of respondents' grantors embraced a part of

the land in both sections. The acts of respondents' grantors in selling off the timber, etc., already mentioned, were acts of ownership (Lumber Co. v. McCabe, 220 Mo. l. c. 178, et seq.) and were exercised in connection with an actual occupancy and under the same color of title under which their entry was made. It was a question of fact whether these acts of ownership satisfied the requirements of Section 1882, supra, in that regard. The trial court found in favor of respondents. In respect of the sufficiency of these acts of ownership, this record differs markedly from that in Keaton v. Hamilton, 264 Mo. l. c. 580.

(b) It is argued that the part of Section 20 actually fenced was too small to warrant the application of the rule of constructive possession to any **Size of Enclosure.** part of it. In some states it is held that the doctrine that possession of a part under color of title draws to it possession of the whole, "is subject to the proviso that the premises described in the conveyance consist of a single tract of a proper size to be managed and used in one body according to the usual manner of business of the country." [Thompson v. Burhans, 61 N. Y. 52.] Even if this proviso to the general rule were the settled law of the State, it could not be applied to overturn the judgment in this case. In abstracting the conveyances in evidence, the descriptions are not set out *in haec verba.* They were before the trial court in full. The record does not show the number of acres in either the east fractional half of Section 19 or the part of Section 20 west of Little River. The enclosed part may have constituted a large part of the portions of 19 and 20 described in the color of title. This record does not show the contrary. It is clear only a part of each section is affected. What part does not appear. The facts do not make a case for the application of the rule invoked.

VII. Neither appellant nor any one under whom he claims or might claim was ever in possession of the land.

The preceeding paragraphs show there was evidence tending to show a possession by respondents' grantors sufficient to satisfy the thirty-one-year statute. There is ample evidence neither appellant nor any one under whom he claims or might claim paid any taxes after 1893. The taxes of 1888, 1889, 1890, 1891 and 1892 were in suit in the suit filed in 1893 and above referred to. There is evidence an examination of the records prior to 1893 showed no payment of taxes by appellant or any one under whom he claims or might claim; there was also evidence that very soon after Burns died in 1893 his son carefully searched his papers and effects for deeds, papers and receipts and found no tax receipts. His daughter made a like search at a later date with a like result. Burnes bought the land in 1870 and lived in Pennsylvania thenceforward until his death. Appellant offered testimony tending to show the land was not assessed between 1870 and 1880 except for two years and that no taxes were paid for any of these years. The fact that the taxes were not assessed does not affect the question as presented by this record. [Abeles v. Pillman, 261 Mo. l. c. 376, 377.] The above evidence was sufficient to justify a finding for respondents on the issue of non-payment of taxes. [Davis v. Dawson, 273 Mo. l. c. 514.] It thus appears that the finding for respondents is supported by substantial evidence.

*Payment of Taxes.*

The judgment is affirmed. All concur.