STATE OF MISSOURI at the relation of W. A. Ross CONSTRUCTION COMPANY, a Corporation, Relator, v. CORNELIUS H. SKINKER, Judge of the Circuit Court of Camden County.—106 S. W. (2d) 409.

Division Two, June 21, 1937.

*L. Cunningham, Jr., James T. Blair, Jr., William Goodman* and *Julius C. Shapiro* for relator.

*Warren M. Turner, Louren G. Davidson, Neale & Newman, Jack S. Curtis* and *Farrington & Curtis* for respondent.

**30**

TIPTON, J.—This is an original proceeding in prohibition to restrain the respondent, as judge of the Circuit Court of Camden County, Missouri, from further proceeding to hear and determine the case styled "W. A. Ross Construction Company, a corporation, Plaintiff, v. Richard 'Dick' Chiles and F. P. Chiles, partners, doing business as Chiles Material Company," and numerous individuals, as defendants.

The relator's petition filed in that court was denominated "a suit in the nature of an equitable interpleader," and contained the following allegations: that it had entered into a contract with Camden County for the construction of a toll bridge across the Lake of the Ozarks, having previously entered into an agreement with the United States of America; that it entered into a contract with Chiles Brothers, defendants, to furnish it approximately 7000 cubic yards of gravel and sand at an agreed price of $1.60 per cubic yard; that they did furnish 2,553.7 cubic yards and were paid $900 on account, leaving a balance due Chiles Brothers of $3185.92; that thereafter, Chiles Brothers breached their contract and the relator declared the contract forfeited; that Chiles Brothers failed to pay their obligation and debts for operating their sand and gravel plant; that many of their employees and others had made claims against the relator because of the failure of Chiles Brothers to pay these obligations; that relator denies liability therewith; and that many of the named defendants had threatened or had instituted suits in the justice court to collect these claims against the relator.

The petition further stated that, in conformity with the contract and as provided by the laws of this State, the relator executed a bond to Camden County with the Massachusetts Bonding & Insurance Company as surety to insure the completion and performance of the contract and for the payment of labor and material claims for which relator would become legally obligated. After having tendered and

paid into court the sum of $3185.92, the prayer of the petition was that the court take jurisdiction of that sum, that the defendants and claimants be required to come into court and establish and prove their respective right, title and interest, and their claims in and to that sum, and further prayed that the defendants be enjoined from further prosecuting their claims against the relator in other courts and "for such other and further orders as the court may deem just and proper in the premises."

The respondent did issue a restraining order prohibiting the various defendants from prosecuting their suits filed in the justice courts.

Chiles Brothers filed an answer and cross bill in which they attempted to set up and establish a cause of action against the relator for a breach of contract and asked judgment against the relator in the sum of $15,304.84. The individually named defendants, creditors of Chiles Brothers, filed answers and cross bills to relator's petition in which the cross bills attempted to establish separate causes of action against the relator and its surety for work, labor, materials and supplies furnished Chiles Brothers.

The relator filed its motion to strike the portions of the answers of the defendants asking affirmative relief, which motion was overruled by the respondent.

Evidence was introduced to substantiate the issues raised by relator's petition. At the close of relator's case, and also at the close of all the evidence, the relator moved the respondent to find the issues in favor of the relator and grant the relief as prayed. These motions were overruled by the respondent, who entered a judgment denying the relator the right to require the defendants to interplead. From that judgment, the relator has appealed to this court.

It is the contention of relator that since the petition states an interpleader action, the only judgment that the respondent could enter was that the defendants interplead, or dismiss the bill.

To sustain its position, the relator relies on our recent case of State ex rel. City of St. Charles et al. v. Becker et al., 336 Mo. 1187, 83 S. W. (2d) 583, l. c. 585, wherein we quoted with approval the following quotation from Brown v. Curtin, 330 Mo. 1156, 1164, 52 S. W. (2d) 387, 391.

"Appellants insist it is and say an interpleader proceeding involves two separate, successive and independent litigations: (1) A contest between the plaintiff on the one hand, and all the defendants on the other, as to whether the plaintiff may maintain his bill and implead the defendants against each other; (2) and if that be allowed, a further contest between the contending defendants alone to adjudicate their several antagonistic claims to the fund or property involved. That, we agree, generally is good law in interpleader cases. [Mat-

lack v. Kline, 280 Mo. 139, 156, 216 S. W. 323, 327; Roselle v. Farmers' Bank of Norborne, 119 Mo. 84, 92, 24 S. W. 744, 746.]''

Assuming that the relator's contention is correct, does it follow that the respondent is without jurisdiction to enter a judgment denying the bill of interpleader, or does the entry of such a judgment constitute mere error? If the latter is true, prohibition will not lie, as the error can be corrected on appeal.

■ ''Prohibition is not an ordinary, but an extraordinary and drastic, remedy, the function of which is to correct and prevent the exercise of extrajurisdictional power. It is not a writ of right (State ex rel. v. Sale, 188 Mo., l. c. 496), and should not be employed for the correction of mere judicial errors, and may be employed only in instances where it appears that no other means will suffice to keep the court addressed within the bounds of its lawful jurisdiction.'' [State ex rel. Harrington v. Pratt, 183 Mo. App. 209, l. c. 213, 170 S. W. 418.]

■ In the case at bar, the respondent had jurisdiction over the parties and the subject matter, and proceeded in the cause according to the course prescribed by law. This is not denied by the relator; in fact, the relator invoked the jurisdiction of respondent's court over both the subject matter and the parties when it filed its petition and brought the defendants into court by summons. If the respondent erred in the construction of the relator's petition, or gave weight and probative value to evidence which had no probative value, it would constitute error of law, reviewable on appeal, but would not amount to an abuse of judicial power for the redress of which a writ of prohibition would be issued. In other words, in construing the relator's petition, if the respondent came to the conclusion that the petition did not state a bill of interpleader, but was an equitable action asking affirmative relief so that the rights of all parties could be adjusted in one action, then he would not act in excess of his jurisdiction, even if his construction was erroneous; it would be mere error which could be corrected on appeal.

■ In this proceeding we will take judicial notice that an appeal has been lodged in this court to correct the error, if any, of the respondent in denying the interplea. All questions of jurisdiction and error can be disposed of in the appeal pending before us. [State ex rel. v. Vickery (Ohio), 166 N. E. 894.] The mere fact that determination of the question involved in this case could be more speedily reached on a writ of prohibition than on appeal is no grounds for our issuing the writ. If this were true, then every lawsuit could be determined on prohibition instead of on appeal. The fact that an appeal is pending in this court on the very questions that relator seeks to have us determine is proof that relator has an adequate remedy by that method.

The relator, to sustain its position that prohibition is a proper remedy, relies on cases of which State ex rel. Gary Realty Company v. Hall, 322 Mo. 1118, 17 S. W. (2d) 935, is typical. In that case we said:

"The writ of prohibition is available to keep the court within the limits of its power in a particular proceeding so as to prevent the exercise of jurisdiction over a cause not given by law to its consideration."

That case is not in point because the trial court was not proceeding according to law, while in the case at bar the respondent did proceed according to law, though he may have entered an erroneous decision. The fact that a trial court enters an erroneous judgment in a case is no proof that it exceeds its jurisdiction; its jurisdiction does not depend on whether its decision is right or wrong; if it has the power to decide a question, it has the power to decide a question erroneously, which error may be corrected on appeal.

For the above reasons, the preliminary rule is discharged and peremptory writ denied. All concur.