OLLIE B. ZORN, EXECUTRIX OF THE ESTATE OF WILL H. ZORN, DECEASED, APPELLANT, v. G. J. FARRELL, JUDGE OF THE PROBATE COURT OF HOWELL COUNTY, MISSOURI, RESPONDENT.

Springfield Court of Appeals. August 22, 1940.

*A. W. Landis, Arthur W. Allen* and *Paul W. Barrett* for appellant.

*J. L. Bess* for respondent.

SMITH, J.—With slight alterations, we have used appellant's statement for the facts in this case. This is an appeal from a judgment of the Circuit Court of Howell County quashing its preliminary writ of prohibition and refusing its permanent peremptory writ wherein Ollie B. Zorn, Executrix of the Estate of Will H. Zorn, deceased, was plaintiff and G. J. Farrell, Judge of the Probate Court of Howell County was the defendant.

The facts relevant to this appeal are contained in the admissions in the pleadings of the parties and the testimony of the probate judge, and are not controverted.

The B. F. Goodrich Rubber Company had a claim in the sum of $744.97 against the estate of Will H. Zorn, growing out of a suretyship contract executed by the deceased for one C. E. Watts. The B. F. Goodrich Rubber Company obtained a judgment against Watts in 1933 for $914.73 which was reduced by execution to $744.97.

On August 28, 1933, the Goodrich Rubber Company filed a demand in the Probate Court of Howell County against the estate of Will H. Zorn for the balance due from Watts on the judgment based on the suretyship agreement of Will H. Zorn. The executrix received notice of the exhibition of the claim November 8, 1933.

On December 21, 1933, the Goodrich Rubber Company served a notice on the attorney for the executrix that the demand filed on August 28, 1933, would be taken up and submitted to the probate court, in adjourned session, on January 2, 1934. The attorney for the executrix acknowledged service of the notice and there is no complaint as to this service.

On January 2, 1934, at the adjourned session of the November, 1933, term of the Probate Court of Howell County, the probate judge rendered a default judgment allowing the claim against the estate of Will H. Zorn, specifically basing his judgment upon the notice dated December 21, 1933. The executrix did not appear on January 2, 1934, and was not represented by counsel at the hearing.

June 1, 1939, the administratrix filed her final settlement in the probate court, ignoring the demand of the B. F. Goodrich Rubber Company against the Zorn estate and that company filed exceptions to the settlement and the court rejected the settlement and ordered the administratrix to satisfy the judgment in full. The administratrix after due notice, applied to the Circuit Court of Howell County for a writ of prohibition. A temporary writ of prohibition was issued and the probate judge filed a return to the writ which admits the facts necessary to a determination of the question raised by this appeal.

There is no controversy over the facts in this case. The record disclosed that the statutory time for the commencement of the November term was on November 13, 1933, and that the term actually started on that day and was in session for five days, and was designated by the probate court as the regular term, and that thereafter, there were several sessions designated as adjourned days, or meeting of the adjourned term. The next regular session of the court was to be held on February 12, 1934.

The facts are the probate court started at the designated time for a regular term, and was in continuous session for five days, and later held court on several days designated as "adjourned terms;" and that on December 21, 1933, notice was given to the executrix that the claim would be presented to the probate court for allowance on January 2, 1934. There is no controversy over the giving of this notice, and it is not claimed that such notice was not given, for acknowledgment of service was signed by the attorney of the executrix. There is no contention made that the attorney did not have authority to acknowledge service.

Three assignments of error are presented but each and all of them go to the one point, that since the notice of presentment was served

after the commencement of the regular November Term, 1933, and, of course before the beginning of the next regular term in February, it was not a legal notice to appear on January 2, 1934, and that since it was for appearing on January 2, 1934, the probate court did not have jurisdiction to render a judgment on January 2, and since that was an invalid judgment the circuit court committed error in not making permanent his writ of prohibition.

This, as we view it, calls for a construction of the statutes of this State with reference to presentment and allowance of claims against estates. We find that section 195, R. S. 1929, page 128, Mo. Stat. Ann. is as follows:

"Any person desiring to establish a demand against any estate shall deliver to the executor or administrator a written notice containing a copy of the instrument of writing or account on which it is founded, and stating that he will present the same for allowance at the next regular or adjourned term of court."

Section 2050, R. S. 1929, p. 2645, Mo. Stat. Ann. provides that the probate courts "shall hold four terms annually, commencing on the second Monday of February, May, August and November and may hold special or adjourned terms at any time when required."

In an early opinion of our Supreme Court, Cole County v. Dallmeyer, 101 Mo. 57, at page 66, we find this language used:

"These special or adjourned terms are continuations of the regular term, and yet they are called adjourned terms, and the statute provides that demands may be allowed by the probate court at a regular or adjourned term."

We have been cited no case, nor have we found one that holds that a claim may not be presented at an adjourned term, if sufficient notice as to time has been given. The statute provides for certain regular terms of probate courts, but it also provides for special or adjourned terms. It also provides that claims may be allowed at adjourned terms. The record shows that there was an adjourned term of this court held on January 2, 1934, and that notice was given more than ten days before, that the claim would be presented for allowance on that day. The court met on that day; proof was made to the court that notice had been served on the adverse party more than ten days prior thereto that the claim would be presented, and the claim was presented and allowed as a judgment against the estate. Since the statute, section 195, *supra*, provides that demands may be presented at an adjourned term of the court, and since the facts show that this demand was presented at an adjourned term of the court, and since our Supreme Court has said "that demands may be allowed by the probate court at a regular or adjourned term," we are forced to the conclusion that the probate court in this instance had sufficient jurisdiction to determine the issues, and since there was no appeal from

the order or judgment of the probate court, the judgment became a final judgment against the estate.

Since we have reached this conclusion, it naturally follows that our conclusion is that the circuit court did not err in quashing the preliminary writ of prohibition, and that the judgment should be affirmed. It is so ordered.

*Tatlow, P. J.,* concurs in separate opinion; *Fulbright, J.,* concurs.

### CONCURRING OPINION.

TATLOW, P. J.—I concur in the above opinion but desire to amplify my views relating thereto.

Appellant's primary, if not her sole contention, is that a term of the probate court held on the 2nd day of January, 1934, pursuant to an adjournment on December 20, 1933, was not an adjourned term of the regular November Term, 1933, and that the notice (otherwise regular) that the claim would be heard on the 2nd day of January, 1933, was not merely irregular but absolutely void, and the judgment subject to collateral attack and prohibition for the reason that the term of the court held on January 2, 1934, was part of the regular November Term, 1933, and that, for this reason, the notice returnable to January 2, 1934, was void and conferred upon the probate court no jurisdiction over the person of the respondent.

It seems to me that the statutes conclusively establish that appellant's contention is not sound.

In addition to section 195, R. S. 1929, which expressly permits a notice to be made returnable either to the "next regular or adjourned term of the court," the following sections of the statute deal with and define "adjourned" and "special" terms of the court: Sections 1850, 1851, 1852, 1853 and 1854.

Section 1850 provides that, if the term is not held according to its adjournment it should stand adjourned from day to day until the evening of the third day, when the sheriff shall, by proclamation, adjourn the court to the next regular term; or, where there is only one judge of the court and he cannot attend on the first day, he may notify the sheriff and the sheriff shall, by proclamation, adjourn the court as the judge may direct.

Section 1851 *supra* provides:

"Special or adjourned sessions of any court may be held in pursuance of such proclamation or in continuation of the regular term, when so ordered by the court in term time, the order being entered in its record."

It is perfectly apparent that, where the court is adjourned under either of these sections, it is but a continuation of the regular term and a part thereof. Nevertheless, it is a "special or adjourned session," which is an adjourned term and not a "special term,"

expressly provided for in sections 1852, 1853 and 1854 *supra*. These last three sections apply only where the court has been regularly adjourned until the next term, and, before the convening of the next regular term, the court, in pursuance thereto, calls a "special term." This special term is no part of the regular term. It is as separate and disconnected therefrom as is one regular term from another. Sections 1852, 1853 and 1854 apply only to the *circuit and criminal courts* and have no application to the probate courts. In other words, there is no authority for the probate court to call a special term of the court after the regular term has been adjourned.

Either one of two things is true: Either there is no such thing as an adjourned term of the probate court unless it is a continuation of the preceding regular term, or there is no such thing as an adjourned term of the probate court. Section 195, R. S. 1929, *supra*, expressly provides for an adjourned term of the probate court, and appellant's contention in the instant case, reduced to its last analysis, reads out of the section the word "adjourned" so that, to adopt appellant's contention in the instant case, would be judicial legislation.

This is the construction that has been put directly upon these statutes by our Supreme Court in the Cole County case, cited in the opinion of this court *supra*. That case deals directly with this question. The court there says:

". . . This order must be taken and construed as a whole, and when this is done it amounts to saying this: 'The regular term is now closed, but an adjourned term will be held on the twenty-sixth of this month.'

"The statute concerning courts of record provides that 'special or adjourned sessions' may be held in continuation of the regular terms when so ordered in term time. [Section 1044.] These special or adjourned terms are continuations of the regular term, and yet they are called adjourned terms, and the statute provides that demands may be allowed by the probate court at a regular or adjourned term. [Section 198.] The order made on August 22 was sufficient and it gave the court the power to hold an adjourned term on the twenty-sixth of that month, and the order made on that day gave the court the power to hold a further adjourned term on September 11, and the court had the power to allow demands at either of these adjourned terms, notice of the presentation of the same having been given, which was done in the present case." [Cole County v. Dallmeyer, 101 Mo. 57, 1. c. 66, 13 S. W. 687, 1. c. 688, 689.]

If the 11th of September was an adjourned term in that case (as it is directly held that it was), to which the notice could be made returnable, then it necessarily follows that the adjourned term held on the 2nd day of January in the instant case was an adjourned term, to which the notice could be made returnable.

In addition to the facts recited in the opinion of the court in the instant case, the record shows that the probate court was in session on December 20, 1933, and adjourned to December 28, 1933, continuing in session December 29th and 30th, and January 1st and 2nd. While the record does not show it, we take judicial notice of the fact that December 31, 1933, was Sunday; hence, the adjourned term which began on December 28th was in continuous session for five consecutive court days and the notice in the instant case was not returnable to the first day of the adjourned term. The appellant in the instant case does not contend that the failure to make the notice returnable on the first day of the adjourned term rendered it void, but, as before stated, appellant's contention is that the notice could not be made returnable to the adjourned term which began on January 28, 1933, for the reason that it was a part of the regular November, 1933 term. The fact that the notice was not made returnable to the first day of the adjourned term is a mere irregularity which does not render the notice absolutely void.

There is a broad and plain distinction between a process that is absolutely void and one that is merely irregular. The rule is very clearly stated as follows:

"A defect in the form or matter of the summons or other process not absolutely destructive of its validity, or an irregularity or defect in the service of it upon defendant, although material and sufficient to cause the reversal of the judgment on a proper application, does not deprive the court of jurisdiction, and therefore does not expose the judgment to collateral impeachment. . . ." [34 C. J., Title "Judgments," sec. 837 d, 533, 534, 535.]

This is the rule that is established by a concensus of judicial opinion. It is nowhere more forcefully stated than by our own Supreme Court:

". . . So, also, might he have objected to the shortness of the service and have asserted his right to the full six days' notice by moving at the proper time to make that objection. But he did not see fit to do so. He was as competent to waive the full length of time of service as he was to appear without any notice whatever. The personal service of the process of the court brought the judicial power of the latter to bear upon him. He had his 'day' to object to the process, if he did not deem it sufficient because not timely, or for any other reason; but he did not avail himself of that opportunity. He certainly could not, by ignoring the command of the writ, deprive the court of authority to determine as to the sufficiency of its service. It was for the court, not the party, to decide whether or not it was sufficient. It held it to be good, and rendered judgment accordingly. In contemplation of law, Mr. Bouton was before the court, for he had been personally summoned to appear there, and might have done so. If the call for his appearance was too sudden, the court's ruling that it was adequate may be error, which could have been rectified by sea-

sonable and direct moves for that purpose, but such error could not defeat the court's jurisdiction to render a judgment conclusive upon him, or subject that judgment to successful attack collaterally." [Leonard v. Sparks, 117 Mo. 103, l. c. 109, 22 S. W. 899, l. c. 900.]

This case has been cited and followed in later cases.

In the instant case the appellant undoubtedly had her day in court. Looking at substance and not at form, the second day of January was as good a day to hear the claim (although it was the fifth day of the adjourned term) as was the first day. The fact that it was the fifth day instead of the first day was clearly not absolutely destructive of its validity. It related only to form and not to substance and was at most a mere irregularity that in no way deprived appellant of any right to a full and fair hearing of the claim. It was for the court and not for appellant to decide whether there was sufficient notice. Appellant cannot collaterally attack the court's decision even though it might be erroneous on account of the irregularity, as is directly decided in the Leonard case *supra*.

Counsel for appellant in the instant case relies strongly on the case of State ex rel. v. Pratt, 183 Mo. App. 209, 170 S. W. 418, in which the Kansas City Court of Appeals, in an original proceeding, prohibited the probate court of Macon County from enforcing its judgment, under somewhat similar facts. The claimant in that case was the wife of the administrator. The facts, as recited by the court, are:

"On January 29, 1913, Sallie A. Mairs exhibited to her husband, as such administrator, a demand against the estate in the sum of $1,706.65. . . . Dr. Mairs waived service of notice of the presentment of the demand and on the following day Mrs. Mairs and her witnesses went to the probate court, which was then in session at Linneus, to present the claim and procure its allowance. Dr. Mairs did not accompany them but remained at Browning. On finding that the claimant was the wife of the administrator the court appointed Fred W. Powers an attorney 'to defend against such claim.' Mr. Powers was notified by telephone and appeared in court a few moments after his appointment. He offered no objections to an immediate hearing of the claim and assisted in the interrogation of the witnesses introduced by Mrs. Mairs. . . ." [183 Mo. App. 209, l. c. 211, 170 S. W. 418.]

On this state of facts the court held that the judgment allowing the claims was absolutely void and subject to collateral attack, and prohibited its enforcement.

It will be observed that the Pratt case differs from the instant case in that, while the claim was presented to the administrator, there was no notice as to when it would be heard, and it was in fact heard the day after the claim was presented to the administrator. Under the plain terms of the statute the claim must be both presented to the administrator and a written notice given of the time that it will be heard,

or there must be a voluntary appearance of the administrator, in order to confer jurisdiction on the court over the person of the administrator. These facts are sufficient to distinguish that case from the instant case.

After discussing the proper office of the writ of prohibition, the court in that case says:

"As stated, the claim was exhibited to the administrator at Browning on January 29th and he waived service of notice in writing on that date. The claim was filed the next day and the hearing and adjudication followed in the course of an hour. The position of the relator is that 'the filing of the demand in the probate court on January 30, 1913, gave the probate court jurisdiction of the claim, but it did not confer jurisdiction to hear the same on the day it was filed. The probate court did not have jurisdiction to hear the claim until the next regular or adjourned term after it was filed,' citing sections 203, 204, 205, Revised Statutes 1909." [183 Mo. App. 209, l. c. 214, 215, 170 S. W. 418, l. c. 419.]

The court sustained the relator's contention.

From this it will be seen that the court was of the opinion that the notice there was sufficient to confer jurisdiction on the court to have heard the claim at the next regular or adjourned term, but did not confer jurisdiction upon the court to hear the claim the next day after it was presented. If the court meant to hold that the fact that the judgment of allowance was premature, rendered the judgment absolutely void and subject to collateral attack, its opinion is in direct conflict with the repeated rulings of our Supreme Court to the contrary, as is clearly shown by Reed Bros. v. Nicholson, 158 Mo. 624, l. c. 631, 59 S. W. 977; Nave v. Todd, 83 Mo. 601, l. c. 606; Branstetter v. Rives, 34 Mo. 318, and other Missouri cases that might be cited.

The judgment in the instant case was not premature. The appellant had the full ten days' notice of the hearing of the claim, required by the statute, and the only defect in the return day of the notice is that January 2, 1934, was the fifth day of the November, 1933, adjourned term instead of the first day, which is clearly a mere irregularity and does not render the judgment void and subject to collateral attack.

For these reasons I fully concur in the opinion of the court affirming the case.