STATE ex rel. CARR

v.

CARUTHERS, Judge.

No. 29007.

St. Louis Court of Appeals.

Missouri.

July 20, 1954.

Fred L. Henley and Von Mayes, Caruthersville, for relator.

J. Grant Frye, Cape Girardeau, for respondent.

WOLFE, Commissioner.

This is an action in prohibition in which the relator seeks to prohibit the Judge of the Cape Girardeau Court of Common Pleas from setting aside an order quashing a writ of scire facias and an execution. At the time the order quashing the writs was made the judgment creditor was dead. Almost a year after her death her administrator filed a motion to set aside the order quashing the writs, and the court having indicated that the administrator's motion would be sustained the judgment debtor sought this writ of prohibition.

A return to the writ was filed and the relator moved for a judgment on the pleadings. It is upon this motion for a judgment on the pleadings that the matter was submitted.

The respondent's return makes the following allegations:

"1. On June 17th 1949, in the Cape Girardeau Court of Common Pleas, in a case styled Nettie Carr, plaintiff, versus Burl Carr, defendant, the said Nettie Carr was granted a decree of divorce and alimony in gross of $10,000.00 against Burl Carr.

"2. On July 1st 1949, (and after his motion for new trial was disposed of) Burl Carr timely appealed from said judgment of divorce and alimony to the Supreme Court of Missouri. He posted no supersedeas bond.

"3. On July 30th 1949, a general execution was issued by the clerk of the Cape Girardeau Court of Common Pleas directed to the sheriff of Pemiscot County Missouri on such judgment of $10,000.00 alimony in gross, and some other judgments entered prior to the divorce decree referable to costs and expenses and alimony pendente lite.

"4. On August 15th 1949, the sheriff of Pemiscot County Missouri, under such execution, levied upon certain lands and personal property of Burl Carr; and pursuant thereto, said sheriff sold such lands and property for the price of $450.00 for the personalty and $7,000.00 for the realty. The property was bid in by Nettie Carr, who paid the sheriff $246.36 as representing all the court costs in said cause to that time and credited her judgments with such $7,450.00 after considering such costs she paid.

"5. On September 11th 1950, the Supreme Court of Missouri affirmed such decree of divorce but modified the judgment of alimony in gross by reducing the same from $10,000.00 to $6,000.00. (See Carr vs. Carr, 232 S.W.2d 488.)

"6. On February 19th 1951, the mandate of the Supreme Court making such orders was taken up by the Cape Girardeau Court of Common Pleas, and the judgment was modified in accordance therewith by reducing such alimony judgment from $10,000.00 to $6,000.00.

"7. On February 20th 1952, Burl Carr filed a motion to quash the execution issued July 30th 1949 aforesaid, which motion was, by order of the Cape Girardeau Court of Common Pleas, stricken from the files March 15th 1952 as being untimely.

"8. On March 22nd 1952, Burl Carr made an appeal to the Supreme Court of Missouri from the order of the trial court striking from the files his motion to quash said execution.

"9. On December 8th 1952, the Supreme Court of Missouri reversed the action of the trial court in striking the motion to quash from the files, and held that the execution was void even though no supersedeas was given, in that an appeal in a divorce case of itself acted as its own supersedeas. See Carr v. Carr, Mo.Sup., 253 S.W.2d 191. The mandate was received and filed.

"10. On December 9th 1952, the clerk of the Cape Girardeau Court of Common Pleas issued a general execution on the judgment (as modified) of divorce and alimony and the other incidental prior judgments, directed to the sheriff of Pemiscot County Missouri; and on said date also issued a Scire Facias to Revive Lien of Judgment directed to the same sheriff.

"11. On December 20th 1952, the sheriff of Pemiscot County duly and personally served the Scire Facias to Revive Lien of Judgment on defendant; and on that date, he also made a levy under such execution, but he released his levy when a motion to quash such execution was sustained, as next herein set out.

"12. On January 9th 1953, defendant Burl Carr filed a motion to quash such execution and such Scire Facias to Revive Lien of Judgment on the ground that there was pending in the Circuit Court of Pemiscot County a cause of action styled Nettie

Carr, Betty Huckstep, and J. Grant Frye plaintiffs versus Burl Carr defendant, by which proceeding he alleged in his said motion that Nettie Carr had abandoned the judgment she had in the Cape Girardeau Court of Common Pleas as aforesaid and had elected to secure full relief in the circuit court of Pemiscot County Missouri.

"13. At the time of the said motion to quash the execution and to quash the scire facias last mentioned, there was pending in said Circuit Court of Pemiscot County Missouri, a cause of action as more fully set out in the hereto attached petition in said cause, which petition is made a part of this Return.

"14. Said cause is still pending in the Circuit Court of Pemiscot County Missouri (with certain substitution of parties as hereinafter more fully alleged), and is awaiting a trial on the merits.

"15. On January 26th 1953, the Cape Girardeau Court of Common Pleas heard the motion to quash such execution and the motion to quash such scire facias, and consolidated the two motions for hearing and judgment; and on said date it took such motions (as consolidated) under advisement.

"16. On January 27th 1953, Nettie Carr died. This fact was unknown to the Cape Girardeau Court of Common Pleas and to the attorneys in the proceedings pending therein for a period of about sixty days after her death.

"17. On February 6th 1953, said court made an order on such consolidated motion proceedings, quashing the execution and quashing the scire facias aforesaid.

"18. On February 10th 1953, the attorney for Nettie Carr filed Notice of Appeal, wherein the said order sustaining the motion to quash said execution and to quash said scire facias was appealed to the St. Louis Court of Appeals.

"19. On May 2nd 1953, probate proceedings were begun in the Cape Girardeau Court of Common Pleas on the estate of Nettie Carr, and on which date letters of administration were issued on her estate to Gerald B. Rowan, who qualified as such and is still such official.

"20. On January 5th 1954, the Circuit Court of Pemiscot County Missouri made an order in said cause of Nettie Carr, Betty Huckstep, and J. Grant Frye plaintiffs versus Burl Carr defendant, whereby Gerald B. Rowan, as administrator of the estate of Nettie Carr deceased, was substituted for her as plaintiff as to her rights in personalty and all matters that succeeded to him as personal representative of Nettie Carr deceased; and Etta Vera Moore was substituted as plaintiff for Nettie Carr, as being her sole heir at law, for all matters pertaining to rights against Burl Carr in said action touching upon real estate and interest therein which were alleged to belong to Nettie Carr.

"21. On January 19th 1954, Gerald B. Rowan (as such administrator) filed in the Cape Girardeau Court of Common Pleas in the case of Nettie Carr versus Burl Carr, a motion to substitute himself (as such administrator) in lieu of Nettie Carr on the ground of her death and that he had the right to such judgment as such administrator.

"22. On January 19th 1954, the motion of Gerald B. Rowan aforesaid to be substituted was taken up and an order was entered as follows:

" 'This January 19th 1954 comes Gerald B. Rowan, administrator of the Estate of Nettie Carr deceased, by attorney, and the motion of said Gerald B. Rowan as administrator being taken up, the court finds that Nettie Carr died intestate January 27th 1953 and that on May 2nd 1953 the said Gerald B. Rowan was appointed administrator of her estate by this court. It is therefore ordered that said Gerald B. Rowan, as administrator of the Estate of Nettie Carr, be substituted as plaintiff in these proceedings for the said Nettie Carr in such capacity.'

"23. After the foregoing order was entered, and on January 19th 1954, Gerald B. Rowan, administrator of the estate of

Nettie Carr deceased, as plaintiff, filed a motion to set aside the order of February 6th 1953 wherein the motions of Burl Carr to quash said execution issued December 19th 1952 and to quash such scire facias to revive lien of judgment issued on the same date, a copy of which said motion is attached hereto as a part of this Return.

"24. On said January 19th 1954, and after such motion last mentioned was filed, the Cape Girardeau Court of Common Pleas announced its intention of sustaining such motion to set aside, and of making an order setting aside the order of February 6th 1953 on account of it now appearing that at the time the order of February 6th 1953 was made, Nettie Carr was dead; but at the request of the defendant therein (now Relator) Burl Carr and on his announcement of a desire to apply to this court for a writ of prohibition, the trial court announced that it would take no further action until after such application for prohibition had been filed and an order of the St. Louis Court of Appeals made thereunder."

■ The suit in the Circuit Court of Pemiscot County, according to the petition attached to the return, is in five counts. One count seeks ejectment for the land sold under execution and bought by the judgment creditor, and the other seeks to quiet title in the judgment creditor. It is therefore quite evident that the relief sought in the two courts are inconsistent, for to prevail in the Circuit Court of Pemiscot County the judgment upon which execution is sought in the Cape Girardeau Court of Common Pleas must have been satisfied. Needless to say a satisfied judgment cannot be revived or executed upon. It consequently appears that except for the question of the intervening death of the judgment creditor, the trial court acted properly in quashing the writs, for the plaintiff had elected to pursue, and was pursuing, that which she conceived to be a remedy inconsistent with the remedy later sought, and this she could not do. City of Caruthersville v. Cantrell, Mo.App., 241 S.W.2d 790; Forsee v. Garrison, 208 Mo.App. 408, 235 S.W. 473.

However, the judgment creditor was dead at the time of quashing the writs, and it is contended that the order is consequently void. At the time of her death the cause abated and any order thereafter without the substitution of an administrator was void. Murphy v. Redmond, 46 Mo. 317; Schmelzer v. Central Furniture Co., 252 Mo. 12, 158 S.W. 353; Keaton v. Hamilton, 277 Mo. 540, 211 S.W. 29.

■ Under Section 507.100 RSMo 1949, V.A.M.S., the administrator has a year within which to be substituted for a deceased plaintiff, and within that time the administrator of this judgment creditor brought the action which is complained of here. His motion suggesting the death of the judgment creditor prior to the order of the court quashing the writs was in the nature of a writ of error coram nobis, which the court had jurisdiction to entertain. State ex rel. Muth v. Buzard, 356 Mo. 1149, 205 S.W.2d 538.

■ It will be noted that the administrator, prior to his efforts to set aside the order in the Cape Girardeau Court of Common Pleas, suggested the death of the plaintiff in the Circuit Court of Pemiscot County, and was substituted for her in that action. Consequently he has no greater right to revive the judgment lien and obtain an execution than the original plaintiff had.

■ There is no doubt that the decree awarding alimony in gross survived the death of the relator's divorced wife in favor of her administrator. Leutzinger v. McNeely, 216 Mo.App. 699, 273 S.W. 241. The administrator by the simple expedient of ordering an execution could collect the sum owing if he were not a party to litigation inconsistent with this right. We are not concerned with that here, however, for all he seeks to do is to set aside the order quashing the execution. This would have no other effect than to leave the motion to quash pending and undecided. If the court of common pleas should err in passing upon the motion, it would be a matter for appeal.

Prohibition does not lie for grievances which may be adequately redressed in the

ordinary course of judicial proceedings. State ex rel. Henry v. Cracraft, 237 Mo. App. 194, 168 S.W.2d 953; State ex rel. W. A. Ross Construction Co. v. Skinker, 341 Mo. 28, 106 S.W.2d 409.

It is accordingly recommended that the provisional writ issued be discharged and that a permanent writ be denied.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The provisional writ is accordingly discharged and a permanent writ denied.

RUDDY and BENNICK, JJ., and ROBERT L. ARONSON, Special Judge, concur.