**Alfred William KNISLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54518.**

Supreme Court of Missouri, Division No. 1.

Jan. 12, 1970.

C. Myrl McGlothlin, Nevada, for appellant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appellant, charged by information with burglary and stealing, appeals from denial of his "Petition for Writ of Prohibition to Prevent Commencement of Trial Because of Unlawful Search and Seizure."

On December 2, 1968, a felony complaint of burglary and stealing was filed against appellant in the Magistrate Court of Vernon County. On December 3, 1968, he was arraigned in the magistrate court and preliminary hearing was set for December 10, 1968.

On December 10, 1968, appellant appeared in magistrate court with his attorney, Mr. C. Myrl McGlothlin, evidence was heard, and the magistrate ordered appellant "held to await the action of the Circuit Court and for trial therein."

On December 13, 1968, the information charging appellant with burglary and stealing was filed in the circuit court. On December 16, 1968, appellant filed his petition for writ of prohibition to restrain any further proceedings against him in this case, alleging that the circuit court had no jurisdiction over him because he was certified to that court on evidence taken from him through an illegal search of his person.

On January 31, 1969, appellant's petition came on for hearing, at which time he was present with his attorney, Mr. McGlothlin. Appellant adduced no evidence but counsel represented appellant's position to be that evidence which might be used against him was taken from him illegally and might result in his conviction. Upon suggestion of the prosecuting attorney that these matters should be presented by motion to suppress evidence, counsel answered: " * * * I will be absolutely frank with the Court, that this particular form that I was bringing to the Court's attention, has been brought up time and again that our Appellate Courts have ruled that if you do not take advantage at the first instance they deem it waived for some reason or other, but we have to follow that and by using this remedy I have started it at the first instance and if I find that the Court rules adversely I could always file my Motion to Suppress and bring that up again."

Appellant cites several propositions on the law of search and seizure and, after argument, concludes "that the ruling of the Circuit Court is in error, that the Writ of Prohibition should have been made permanent, prohibiting the Inferior Court from certifying the proceedings to the Circuit Court of Vernon County, Missouri."

■ The first difficulty with appellant's position is that his petition did not seek to have the circuit court restrain the inferior court from certifying its proceed-

ings. His petition was filed in the circuit court after the circuit court acquired its jurisdiction and the magistrate court had, in effect, lost all its jurisdiction to the circuit court; and his prayer was thus, in effect, that the circuit court restrain itself from further proceedings. Under these circumstances, there is no function for a writ of prohibition from the circuit court to perform because the function of prohibition is the confinement of an inferior court by a superior court to its proper jurisdiction and prevent it from acting without or in excess of its jurisdiction. State ex rel. Taylor v. Nangle, 360 Mo. 122, 227 S.W.2d 655, 657 [2]; State ex rel. Allen v. Yeaman, Mo.App., 440 S.W.2d 138, 145 [6].

The second difficulty with appellant's position is that prohibition is an extraordinary remedy to correct and prevent the exercise of extrajurisdictional power, is not a writ of right and should not be employed for correction of alleged or anticipated judicial errors, and does not lie for grievances which may be adequately redressed in the ordinary course of judicial proceedings. State ex rel. W. A. Ross Const. Co. v. Skinker, 341 Mo. 28, 106 S.W.2d 409, 411 [1, 2]; State ex rel. Carr v. Caruthers, Mo.App., 270 S.W.2d 533, 536–537 [5]. Counsel's quoted statement shows his recognition of appellant's right to, and the adequacy of, a motion to suppress evidence to prevent admission of illegal evidence against appellant, and any error in that connection can be reviewed in the event conviction results and an appeal is taken.

Judgment affirmed.

HOUSER, and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HOLMAN, J., HENLEY, Alternate J., and LEWIS, Special J., concur.

SEILER, P. J., and STORCKMAN, J., not sitting.