MEMPHIS ELECTRIC LIGHT, HEAT & POWER
COMPANY, Appellant, v. CITY OF MEMPHIS,
J. W. BENCE et al.

**Division One, July 14, 1917.**

1. **PUBLIC UTILITIES FRANCHISE:** Violation of Contract by City:
Injunction. A city vested with power to do so and having entered
into a contract with a light company whereby it agrees not to
erect or acquire a competing plant, may be enjoined from violat-
ing such contract.

2. ———: ———: Agreement Must Be Express and Not Simply Implied.
But the agreement by the city not to erect or acquire a competing
plant must be clearly expressed in the franchise contract, and
cannot be implied from a reservation therein of a right to purchase
the public utility company's plant, or by the fact that the com-
pany's franchise would be useless unless the city is excluded from
competition with the company. Such contracts are construed most
strongly against the donee of the franchise and in favor of the
public.

3. ———: ———: ———: Agreement to Purchase. A reservation in
the franchise contract to the city of a right to purchase the elec-
tric light plant does not raise an obligation to purchase in case
the city is to acquire a plant during the franchise term, or prevent
it from building a plant of its own.

4. ———: Construction: Implied by Judgment. A judgment dismissing
an injunction brought by the light plant to restrain the city from
building a plant of its own on the ground that the city had agreed
not to do so during the life of plaintiff's franchise, is a construc-
tion of the franchise, and the trial court is not called upon to
construe it further.

Appeal from Marion Circuit Court.—*Hon. William T.
Ragland,* Judge.

AFFIRMED.

*Ben J. Glahn, E. Scofield, J. E. Luther* and *J. M.
Jayne* for appellant.

(1) The express provisions of the statute, franchise
and ordinance shall be first considered, and then what is

necessarily implied from such expressed provisions. This is the only rule for finding the true and entire contract and the intention of the parties. Citizens' St. Ry. Co. v. Railroad, 171 U. S. 48; Los Angeles v. Water Co., 177 U. S. 558; Dillon, Mun. Corp. (4 Ed.), pars. 451-459. (2) The law implies duties and obligations in a contract from those which are expressed, and the implied duties and obligations are as much a part of the contract as those expressed. Depot Co. v. Railroad, 113 Mo. 224; Bishop on Contracts, 241; 2 Parsons on Contracts (6 Ed.), 514; Walla Walla v. Water Works Co., 172 U. S. 1; United States v. Babbitt, 1 Black. 55; Whincup v. Hughes, L. R. 6 C. P. 78; Donahoe v. Kettell, 1 Cliff. 144. (3) Implication is but another term for meaning and intention apparent in the light of judicial inspection. Rhode Island v. Massachusetts, 12 Pet. 723. (4) The purpose of the franchise in question was not to govern the inhabitants of the city, but to obtain a private benefit for the city itself and its citizens. Bank v. Arkansas City, 34 L. R. A. 518, 22 C. C. A. 171, 76 Fed. 271. (5) The obligation of a contract or franchise is the law which binds the parties to perform their agreement; any impairment of the obligation of a contract— the degree of impairment is immaterial—is within the prohibition of the Constitution. Walker v. Whitehead, 16 Wall. 314. (6) The following cases fully support the right to an injunction in this suit: Water Works Co. v. Walla Walla, 60 Fed. 957; Walla Walla v. Water Co., 172 U. S. 1; Water Works v. Westerly, 75 Fed. 181; White v. Meadville, 177 Pa. 643, 34 L. R. A. 567; Vicksburg v. Water Works Co., 231 U. S. 259. (7) The respondent excludes itself from competition during the period named in the franchise, unless it would conclude to take advantage of section 4 of the franchise in this case and purchase appellant's plant. Vicksburg v. Water Works Co., 202 U. S. 453. (8) Under the amended petition in this case the appellant asks the court "to construe said franchise and contract and define the rights of this appellant and of the respondent (City of Memphis) in and to said contract and franchise."

*Hays, Heather & Henwood* and *Hudson V. Smoot* for· respondents.

(1) The pleading and evidence clearly show that the plaintiff is not entitled to maintain its action, and that under the pleadings and evidence it is not entitled to the relief sought or to any relief. State ex rel. v. Allen, 178 Mo. 555; Waterworks Co. v. Skaneateles, 184 U. S. 354; Joplin v. Light Co., 191 U. S. 127; Gas Light & Coke Co. v. Hamilton, 146 U. S. 258. (2) As the city did not grant an exclusive franchise but expressly provided in said franchise that the same would not be considered as an exclusive franchise, and did not expressly disable itself from erecting and maintaining an electric light plant, no such restriction will be created by implication. Joplin v. Light Co., 191 U. S. 127; Water Supply Co. v. Mobile, 95 Fed. 539; Waterwork Co. v. Skaneateles, 184 U. S. 354; Water Co. v. Freeport City, 180 U. S. 587; Gas Light Co. v. St. Paul, 181 U. S. 142; Stein v. Water Supply Co., 141 U. S. 67; Gas Light & Coke Co. v. Hamilton, 146 U. S. 258; Electric Co. v. Newton, 42 Fed. 723; Water Co. v. Knoxville, 200 U. S. 22. (3) There is no provision whatever in the franchise nor is there any evidence or ordinance by which the city binds itself or requires the city to take or pay for light from the plaintiff. In the absence of such an ordinance or agreement the city certainly has the right to supply itself with lights and to erect and construct a plant of its own for that purpose. If the city is to be denied such a right under franchise it is by implication, and implication alone, which the courts have repeatedly held could not be done. Stein v. Water Supply Co., 141 U. S. 67; Gas Light & Coke Co. v. Hamilton, 146 U. S. 258; Water Co. v. Freeport, 186 U. S. 578; Joplin v. Light Co., 191 U. S. 127; Water Co. v. Knoxville, 200 U. S. 22. (4) Grant of public franchises are always construed in favor of the public, and all doubt must be resolved in favor of the city, and against the company. Joplin v. Light Co., 191 U. S. 127; Water Supply Co v. Mobile, 175 U. S. 175; Water Co. v. Freeport, 180 U. S. 587.

BLAIR, J.—Appellant is a corporation operating an electric light plant in respondent city and brought this suit to enjoin the city, the mayor, city clerk and city council from issuing and selling bonds voted in 1916 for the purpose of erecting a municipal light plant. Appellant originally acquired a franchise granted to one Craig and operated under it until its expiration in 1912. In that year a new twenty-year franchise was granted appellant, and it extended its lines and replaced some poles, incurring some expense in so doing.

The 1912 franchise ordinance recited the expiration of the former franchise and that appellant sought a renewal and provided that "in consideration of the benefits that will accrue to the city of Memphis" the city granted appellant a franchise to operate its plant for an additional period of twenty years; granted the usual privileges as to the use of streets and alleys, but specifically provided that "this ordinance shall not be construed as being an exclusive franchise;" reserved to the city the right to purchase appellant's plant at any time it desired, and, in case it desired to purchase, provided for an appraisement of the property by disinterested persons, subject to rejection by either party and re-appraisment by a like method, such second appraisement to be final. Rates of charges were specified in the ordinance, but no agreement on the city's part to patronize appellant appears in the ordinance or elsewhere in the record. It is in evidence the city continuously, from the adoption of the franchise ordinance until the filing of this suit, procured appellant to furnish lights, paying monthly for the service rendered.

Appellant's contention is that the franchise excludes the city from installing a municipal plant, and that to suffer it to do so is to permit the impairment of the franchise contract and to take appellant's property without due process of law. The argument advanced is, in substance, (1) that the exclusion of the city from competition with appellant is implied from the fact that appellant's franchise would be valueless unless the city is so excluded; and (2) that the reservation by the city of

a right to purchase appellant's plant implies an obligation to do so in case the city desires to acquire a plant of its own during the life of appellant's franchise.

I. A city invested with the power to do so and having entered into a contract with a light company whereby it agrees not to erect or acquire a competing plant may be enjoined from violating such contract. [Walla Walla v. Walla Walla Water Co., 172 U. S. 1; Vicksburg v. Waterworks Co., 202 U. S. 453.]

**Injunction.**

II. The power of respondent city to erect a light plant is one given it for the benefit of the public. The Supreme Court of the United States holds that "government, possessing powers that affect the public interests, and having entered into a contract involving such interests, is not, by means merely of implications or presumptions, to be disarmed of powers necessary to accomplish the objects of its existence; that any ambiguity in the terms of such a contract 'must operate against the adventurers and in favor of the public, and the plaintiffs can claim nothing that is not clearly given by the act;' that 'it can never be assumed that the government intended to diminish its power of accomplishing the end for which it was created;' and that those who insist that the government has surrendered any of its powers or agreed that they may be diminished, must find clear warrant for such a contention before it can be heeded. 'Grants of franchises and special privileges are always to be construed most strongly against the donee, and in favor of the public.'" [Water Co. v. Knoxville, 200 U. S. l. c. 33.] The court added that it had never departed from or modified these principles, and held that they were fully applicable "to ordinances and contracts by municipal corporations in respect of matters that concern the public."

**Implied Contract.**

The decision from which we have just quoted was one rendered in a case in which a waterworks company attempted to enjoin the city of Knoxville from erecting

a municipal plant during the life of a franchise previously granted the company by the city. That franchise, like the one in this case, gave the city the right to purchase the company's plant, if it so desired.

In that case, as in this, it was argued that the company "could not possibly have believed that the city would establish waterworks to be operated in competition with its system, for such competition would be ruinous to the water company, as its projectors, on a moment's reflection, could have perceived when the agreement of 1882 was made." The court responded to this argument by saying: "On the other hand, the city may with reason say that, having once thought of having its own waterworks, the failure to insert in that agreement a provision precluding it, in all circumstances and during a long period, from having its own separate system, shows that it was not its purpose so to restrict the exercise of its powers, but to remain absolutely free to act as changed circumstances or the public exigences might demand."

In Vicksburg v. Water Works Co., supra, the court re-affirmed the rule that franchise contracts are "to be most strongly construed in favor of the public, and that where the privilege claimed is doubtful nothing is to be taken by mere implication as against public rights. This rule has been applied to a series of contracts in waterworks and lighting cases, and we have no disposition to detract from its force and effect."

The franchise involved in this case expressly provides that it is not to be construed as exclusive. It contains no language expressly prohibiting the city from exercising its power to construct and operate a lighting plant during the franchise term. It simply grants to appellant the right to operate its plant during twenty years. Had appellant desired to exclude the city from competition with it, assuming the city is empowered to contract to abstain from such competition, it should have sought a franchise plainly effecting that result. The contract it secured does not do so and, whatever the effect upon appellant may be, of competition with a muni-

cipal plant, we cannot now add to the franchise stipula-
tions the parties did not insert when they framed it.

The argument that the city's right to purchase rais-
es an obligation to do so in case the city is to acquire
a plant at all during the franchise term is clearly unten-
able.  That provision of the franchise merely gives the
city an option it may or may not exercise as it sees fit.
There is nothing in the language of this section of the
franchise ordinance which hints at any obligation upon
the part of the city to purchase or at any restriction
upon the city's power to erect a plant of its own.

The cases chiefly relied upon by appellant are the
Walla Walla and Vicksburg cases, already cited.  In the
former there was in the franchise granted a specific pro-
vision that until certain conditions had been met (and
they concededly had not been met) "the city of Walla
Walla shall not erect, maintain or become interested in
any waterworks except the ones herein referred to, save
as hereinafter specified." In the Vicksburg case, the
court based its decision upon the ground that "the city
provided and the company has accepted a grant which
says in plain and apt words that it shall have an exclu-
sive right, a sole and undivided privilege." As point-
ed out, the court in the Vicksburg case re-affirmed the
doctrine concerning the construction of franchises with
respect to limitations upon the powers of a city.  It is
apparent these decisions cannot aid appellant.  In Joplin
v. Light Co., 191 U. S. l. c. 158, a case very like the one
at bar, the franchise was held not to prevent the con-
struction of a municipal plant, and the Walla Walla case
distinguished on the ground we have stated.

Appellant's franchise contains nothing excluding the
city's power to construct a plant of its own.  No such ex-
clusion can be implied.  No rights of appellant are in-
fringed by the city's doing that which the contract be-
tween it and appellant left it free to do.

III.  It is said the trial court erred in failing to
"construe" the franchise in its judgment.  The judg-
ment rendered is necessarily the result of a construction

such as we have given the franchise. That construction
Judgment. is inevitably involved in the finding against ap-
pellant. Without regard to appellant's right
to sue to construe the franchise, we think the construc-
tion implied by the judgment meets all the requirements
of the case. The judgment is affirmed. All concur,
*Bond, P. J.,* in the result.