## THE STATE ex rel. CLAUDE C. HAZEL et al. v. GEORGE W. WATKINS, Appellant.

### In Banc, December 6, 1922.

1. **APPELLATE JURISDICTION:** Preliminary Hearing: Change of Venue: Affidavit Charging Felony. Where "an affidavit for a state warrant" charging relators with a felony was filed before a justice of the peace, and they filed an application for a change of venue, alleging that two other justices of the township were prejudiced and asking that the case be sent to the only remaining justice of the township, and the application for a change was granted, but the case was ordered sent to a justice in another township, and thereupon relators instituted mandamus in the circuit court to compel the justice to send the case to said remaining justice of the township, the Court of Appeals, and not the Supreme Court, has jurisdiction of an appeal from a judgment of the circuit court making the alternate writ peremptory, the question at issue being whether under the statutes there can be four justices of the peace in a township having less than two hundred thousand inhabitants. No indictment or information charging a felony having been filed, no case involving a felony had come into being when said appeal was taken.

2. ———: ———: Affidavit Charging Felony: Incidental Orders. The purpose of a preliminary hearing when an affidavit charging a felony is filed before a justice of the peace, is to inquire whether a felony has been committed and whether there is probable cause for charging the prisoner therewith, and the question whether he is ever to be charged with a felony is not and cannot be settled by said justice, and until an indictment is found or an information is filed by the prosecuting attorney no case charging the prisoner with a felony has come into being, and a mandamus to compel the justice before whom the affidavit is filed to award the prisoner a change of venue to a certain other justice of the township is independent of any prosecution for felony that may later be instituted, and the Court of Appeals has jurisdiction of an appeal from a judgment rendered in said mandamus suit.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

TRANSFERRED TO SPRINGFIELD COURT OF APPEALS.

 . *Everett Reeves, N. C. Hawkins* and *J. E. Duncan*, for relators.

*Sam J. Corbett, M. O. Morris, Jas. R. Brewer, B. A. McKay* and *C. G. Shepard* for appellant.

JAMES T. BLAIR, J.—Appellant is a justice of the peace in Little Prairie Township in Pemiscot County. On April 6, 1920, Chester Ferguson made and filed before appellant "an affidavit for a state warrant" in which he "charged" respondents with a felony, to-wit, "unlawfully, feloniously falsifying, changing, defacing and altering the legal ballots cast" by named persons. Appellant issued the warrant, and respondents were arrested and brought before appellant and gave bond. The hearing was set for April 28, 1920, and on that date respondents applied for a change of venue. Little Prairie Township has within its bounds four justices of the peace. Three of these, appellant, J. C. Burrus and W. W. Corbett reside and have their offices in the city of Caruthersville, and R. R. Ring, the other, has his residence and office in that part of the township outside of said city. It seems to be a necessary inference that two of the three justices in Caruthersville hold the positions created by the first clause of Section 2688, Revised Statutes 1919, and that the third of this number holds a justiceship created by the following provisions of the same section in cities of more than two and less than one hundred thousand inhabitants. It does not appear which of the three positions each of the three holds. The fourth justice, R. R. Ring, has his residence and office outside the city of Caruthersville, and there seems to be no explanation of his official existence except in the provisions of Section 2689, Revised Statutes, 1919, known as the "five-mile law," unless he is located in a city of two thousand. It is alleged and

admitted that, with respect to appellant, Burrus is the "next nearest justice."

In their affidavit for change of venue respondents state, among other things, that they "cannot have a fair and impartial trial before George W. Watkins, a justice of the peace within and for Little Prairie Township, Pemiscot County, Missouri, because of said justice's bias and prejudice against these defendants. The above-named defendants further say that they cannot have a fair and impartial trial before J. C. Burrus and R. R. Ring, other justices within and for Little Prairie Township, Pemiscot County, Missouri, because of said justices' bias and prejudice against these defendants. Wherefore these defendants pray a change of venue to some other justice of the peace where such bias and prejudice does not exist and within Little Prairie Township."

On this application appellant granted the change of venue, but attempted to send the case to a justice in another township in the county, and refused and refuses to send it to W. W. Corbett, the other justice in Little Prairie Township and the only one who is not stated in the affidavit to be disqualified by reason of bias and prejudice. Respondents then instituted a proceeding by mandamus in the Pemiscot Circuit Court to compel appellant to send the case to Corbett's court. The circuit court made its alternative writ peremptory, and an appeal was taken to the Springfield Court of Appeals. That court transferred the cause to this court. The cause was first set in Division One, and then transferred to Division Two, and afterward transferred to Court in Banc.

The question whether the Court of Appeals has jurisdiction of this case is presented. Our brethren of that court construed certain decisions of this court to mean that jurisdiction is lodged here. It must be admitted that in these cases there are remarks which at least tend to support the conclusion reached by the

Court of Appeals and its action in transferring the cause. That court reviewed the decisions and held it had ''no jurisdiction of felony cases, and the case at bar grew directly out of a felony charge, and is a part of that cause.''

Proceedings to collect forfeited recognizances given in felony cases have been held to be incidental to the prosecutions for felony, and appealable to this court without regard to the amount involved. The growth of this doctrine can be traced in State v. Hoeffner, 137 Mo. l. c. 614, and cases cited; State v. Wilson, 265 Mo. l. c. 9, et seq., and cases cited. It is also held that the courts of appeals have ''no power to use the original remedial writs by way of a superintending control over the trial courts in matters reviewable by this court.'' [State ex rel. v. Nortoni, 201 Mo. l. c. 26, et seq., and cases cited; State ex rel. v. Reynolds, 275 Mo. l. c. 121, 122.] In State ex rel. v. Dillon, 65 Mo. App. 197, it was held that a court of appeals had no jurisdiction to compel the award of a special venire in a case in the circuit court which involved $20,000. It is upon the principles in these decisions that the Court of Appeals founded its decision that it was without jurisdiction of the instant case.

If an indictment or information for a felony had been pending in the Circuit Court of Pemiscot County and a controversy concerning a change of venue could have arisen in that case for which mandamus was a proper remedy, then some of these decisions would have been appropriate to the solution of the question involved. In the instant case, however, no felony case had in fact come into being in the circuit court. The proceedings looked merely to a preliminary examination, the purpose of which is not to try a defendant for felony, but to inquire whether a felony has been committed and whether there is ''probable cause for *charging* the prisoner therewith.'' [Sec. 3827, R. S. 1919.] This proceeding results either in the discharge of the prisoner or in binding him over to a court with jurisdiction to

entertain and try prosecutions for felony. The question whether he is to be charged at all is not settled by the finding of the justice. That is for decision by the grand jury or the prosecuting attorney. The proceeding before the justice is, in substance, but a method of holding persons for prosecution for felony so that the authorities empowered to indict and inform for felony may inquire and institute a prosecution if it turns out to be a proper case. There is no appeal from the justice's finding which could bring the proceeding in a preliminary examination, as such, into this court for review. While an information may not be filed in a felony case until a preliminary hearing has been accorded the defendant (Sec. 3848, R. S. 1919), yet the questions raised on that provision must be raised in the prosecution itself and cannot bring into the circuit court the preliminary examination itself.

The appeal from a final judgment on a recognizance in a felony case is an appeal from a proceeding in the proper court, with jurisdiction to try felonies, on an interlocutory judgment for forfeiture. That judgment is brought into the appropriate appellate court for review of the proceedings on the *scire facias*. That is different from the situation in the present case.

In State ex rel. Douglas v. Tune, 273 Mo. 255, this court unanimously held that a proceeding by mandamus to compel the Board of Complaint of St. Louis City to produce a letter for use in an action appealable to this court was within the jurisdiction of the Court of Appeals since "neither the subject-matter of the libel suit mentioned, nor the amount involved therein is involved in this case. This is a collateral proceeding to that action." The proceeding sought to be affected by the mandamus in this case is quite independent of any prosecution for felony which may hereafter be begun against respondents, insofar as any question of the jurisdiction of this court and the Court of Appeals is concerned.

The cause is transferred to that court. All concur, except *Walker J.,* who dissents.