[Civ. No. 5761.   Third Appellate District.—February 10, 1937.]

VALLEJO BUS COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SOLANO COUNTY, Respondent.

Peter tum Suden and Richard tum Suden for Petitioner.

Rolland L. Pope, Dunnell & Wollenberg and Joseph M. Raines for Respondent.

PULLEN, P. J.—Petitioner seeks by this writ of prohibition to prevent respondent from proceeding further in an action pending in the Superior Court of the State of California in and for the County of Solano, wherein Agnes Irene Geer is plaintiff and Vallejo Bus Company, a corporation; Victor Raahauge, Ney Raahauge and Raymond Bottari are defendants.

The first cause of action set forth in the complaint is for a dissolution of a partnership alleged to exist between Agnes Irene Geer and Victor Raahauge, and to declare Vallejo Bus Company to be a trustee of such copartnership, and the second cause of action is for declaratory relief.

The petition for the writ of prohibition alleges the Vallejo Bus Company, a corporation, is a public utility and operates a passenger transportation service between Mare Island and the city of Vallejo and certain near-by points. It further sets forth that in September, 1936, the Vallejo Bus Company

filed an application with the railroad commission of the state of California for an order authorizing it to issue $6,000 of its capital stock to finance the purchase of new equipment.

Upon the hearing, evidence was introduced in support of the application to the effect that the equipment then in use was obsolete and unsafe. Mrs. Geer was present and submitted evidence that the Vallejo Bus Company was not financially able to carry out the proposed contract to purchase the new equipment and at the same time to keep up contracts previously entered into. Thereafter the railroad commission authorized the Bus Company to issue not to exceed $3,000 of its capital stock for the purpose of acquiring two new automobile busses "provided said $3000.00 par value of stock be offered for sale to applicant's stockholders, with the understanding that if any stockholder does not subscribe for and pay for his or her *pro rata* share within twenty days after the date of said offer, said stock not acquired by said stockholder may be acquired by the other stockholder or by any one else". Pursuant to this order of the commission the corporation offered the stock for sale and Victor Raahauge, a stockholder owning and holding 51 per cent of the issued and outstanding stock of the corporation, subscribed for and purchased 51 per cent of the new stock issue, being his *pro rata* thereof, and at the same time offered to subscribe for an unsubscribed stock. Mrs. Geer, a stockholder owning 49 per cent of the stock of the corporation, was requested to subscribe for her *pro rata* but refused, and before the expiration of the twenty days within which others could purchase her allotment, she filed the action above referred to in the Superior Court of the State of California in and for the County of Solano, and obtained a restraining order holding matters *in status quo*. Upon the filing of this complaint Raahauge withdrew his offer to purchase any of the 49 per cent of the stock that had been set aside for Mrs. Geer.

Upon the hearing of the order to show cause, Raahauge, among others, appeared and objected to the superior court considering the matters set forth in the complaint as being beyond the jurisdiction of that court. After hearing argument thereon, respondent court issued an injunction *pendente lite* wherein it was ordered "that pending the determination of the above-entitled action (*Geer* v. *Victor Raahauge, Ney*

*Raahauge, Raymond Bottari and Vallejo Bus Co., a corporation*) on its merits said defendants above named be and each of you are restrained and enjoined from taking or receiving, issuing or hypothecating, assigning, selling or transferring any of the capital stock of said corporation Vallejo Bus Company, provided however that the said stock authorized to be issued in the permit of the Railroad Commission . . . may be issued to the defendant Victor Raahauge, the said Victor Raahauge however is hereby restrained and enjoined from transferring, assigning, selling, hypothecating or encumbering any of the capital stock of said corporation that may be so issued to him as aforesaid by virtue of said permit herein referred to''.

It is the contention of petitioner herein that the superior court had no jurisdiction to review, annul on enjoin petitioner from carrying out the order of the railroad commission for the reason that the provisions of the Public Utilities Act (Stats. Ex. Sess., 1911, p. 18, as amended), provide that in all collateral actions and proceedings the orders and decrees of the railroad commission which shall have become final are conclusive, and that no court of this state, except the Supreme Court shall have jurisdiction to review, reverse, correct or annul any order or decree of the railroad commission.

In answer, the respondent contends the injunction *pendente lite* does not conflict with the order of the railroad commission for that order permitted the Bus Company to issue stock to Raahauge to procure funds with which to make the down payments on two new busses which was in accordance with the resolution of the company, and respondent further contends that inasmuch as the down payments have been made and the new busses delivered and put into service that the question is now moot.

It is claimed also that inasmuch as the original action is one in equity, application for a writ of prohibition should in the first instance have been made to the Supreme Court. This last contention is disposed of by the case of *Favorite* v. *Superior Court,* 181 Cal. 261 [184 Pac. 15, 8 A. L. R. 290], wherein the Supreme Court held there was no merit in a motion to quash a writ of prohibition issued by the District Court of Appeal in an equitable action inasmuch as both the Supreme Court and District Courts of Appeal

have equal and concurrent jurisdiction to issue writs of prohibition in all proper cases.

■ Although respondent claims the injunction *pendente lite* does not conflict with the order of the railroad commission, a reading of the order of the commission discloses that it is therein provided that if the offered stock of the Bus Company is not subscribed by a stockholder within a specified time it may then be offered for sale to the general public, while the injunction *pendente lite* issued by the superior court would limit the issuance of stock to Victor Raahauge only, a definite restriction and modification of the order of the railroad commission. ■ The railroad commission is vested with the power and jurisdiction to supervise and regulate public utilities and to do all things necessary or convenient to the exercise of that power, and having assumed to act in a particular case, the courts are deprived of jurisdiction. (*Truck Owners & Shippers, Inc.,* v. *Superior Court,* 194 Cal. 146 [228 Pac. 19].)

■ As to the contention that this question has now become moot by reason of the fact that the busses have been purchased and placed in operation it is sufficient to say that although someone may have temporarily financed such purchase is not an answer to the questions here submitted, and until the busses have been acquired in the manner prescribed by the commission, the question here presented is not moot.

Many cases are cited by respective counsel in their briefs dealing with the authority of the commission and with the power of the courts to review its decrees, but it requires the citation of no authority to show that the action of the trial court culminating in the injunction *pendente lite* is an attempt to limit or review the order of the commission and beyond its jurisdiction. Without the citation of authority or a further discussion of the facts, it is apparent that the order of the trial court has the effect of circumscribing the order of the railroad commission, and it is ordered therefore, that the respondent court be permanently restrained and enjoined from proceeding further in the above-entitled action affecting petitioner's rights and duties to carry out the decree of the railroad commission of the state of California in reference to the issuance and sale of the capital stock of the Vallejo Bus Company, a corporation, as defined in decision number 29138 of that body, as it affects the right to offer

for sale the stock of the Vallejo Bus Company to the general public.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 12, 1937.