STATE OF MISSOURI, AT THE RELATION OF SUPREME TEMPLE PYTHIAN SISTERS, A CORPORATION, RELATOR, v. JOHN F. COOK, JUDGE OF DIVISION No. 2, OF THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI, AT KANSAS CITY, RESPONDENT.—136 S. W. (2d) 142.

Kansas City Court of Appeals. November 20, 1939.

William R. Baker, Fred Bellemere, Marcy K. Brown, Jr., Earl B. Swarner and Eugene R. Brouse for relator.

900

*John W. Hudson, Chester L. Smith* and *Inghram D. Hook* for respondent.

902

SPERRY, C.—This is an original proceeding in prohibition.

Relator,. Supreme Temple of Pythian Sisters, is a fraternal beneficial corporation, organized under a *pro forma* decree issued by the Circuit Court of Jackson County, Missouri. Respondent is judge of Division No. 2, of the Circuit Court of Jackson County.

Margaret W. Latimer and Rolly Johnson, members in good standing in relator order, filed a petition in the court of respondent, praying that relator be restrained from enforcing a contract between it and Detroit Life Insurance Company, whereby relator had agreed to receive applications from its members for life insurance with said company. Respondent took jurisdiction of said injunction suit and relator sued out this writ of prohibition. Our preliminary writ issued, respondent filed return and, thereupon, relator moved for judgment on the pleadings.

The sole question before us is that of whether or not Latimer and Johnson have stated a cause of action in equity, either properly or defectively, which confers on the circuit court jurisdiction to hear and determine the cause stated or attempted to be stated. [State ex rel. Johnson v. Sevier, 339 Mo. 483, l. c. 491.] Prohibition will not take the place of a demurrer to test the pleadings:

"If the case stated, or attempted to be stated, in the petition, is of a subject over which the circuit court has no jurisdiction, yet the court gives indication of a purpose to entertain it, an application for a writ of prohibition would be relieved, but if it be that the petition merely states defectively a cause of the nature of which the court has jurisdiction a writ of prohibition will not issue merely because it is feared that the court might erroneously decide that it

was sufficient." [State ex rel. Abel v. Gates, 190 Mo. 540, l. c. 553.]

Nor can prohibition be invoked as a substitute for appeal or writ of error. [State ex rel. Hyde v. Westhues, 316 Mo. 457.] The action raises the question of jurisdiction only; and if the circuit court has jurisdiction its discretion cannot be controlled by means of prohibition. [State ex rel. Hog Haven Farms v. Pearcy, 328 Mo. 560, l. c. 564.] But the circuit court has no jurisdiction to entertain a suit involving the equitable remedy of injunction unless the petition pleads facts which come under some recognized head of equity jurisdiction. [State ex rel. v. Wood, 155 Mo. 425, l. c. 445.]

Since the determination of the issues in this case largely rests on construction of the petition filed before respondent we here set it out in full to-wit:

### Petition.

### Count 1.

"Come now the plaintiffs and for their first count of their petition herein state that defendant is a fraternal-beneficial corporation, incorporated by *Pro Forma* Decree under the laws of the State of Missouri in Jackson County, Missouri, as a benevolent, fraternal-beneficial association, and for the purpose thereof. That as such it has caused to be organized within the various states, lodges, and/or local "temples" by and through which members become affiliated with the said association.

"That delegates, as by the statutes provided, in due assembly may from time to time appoint and constitute certain of its members as a committee to function as in resolution provided, and 'subject to the limitations in said resolution provided and of the statutes in such cases made and provided.

"That said defendant is and was at all times hereinafter mentioned so incorporated and functioning as aforesaid. That plaintiffs are and were at all times hereinafter stated members of said association in good standing.

"Plaintiffs for cause of action state that on or about the 12th day of August, 1938, delegates, members of said defendant association in due convention in the state of Illinois in the City of Chicago, did by resolution duly adopted at said convention, appoint a committee consisting of Elizabeth P. Hoyt, Kathryn Detra, Mollie V. Keller, and Alice M. H. Boylan to, as by said resolution provided:

" 'Negotiate and contract with a reliable and responsible life insurance company for voluntary profit-sharing group life insurance for members of the Order—'

"That the said committee so constituted, pursuant to its authority as by said resolution vested, met on or about December 1, 1938,

in the city of Uhrichsville, State of Ohio, to negotiate a contract with a reliable and responsible life insurance company for voluntary profit-sharing group life insurance for the members of the said order, and to consider proposals for said insurance.

"That said committee had before it for consideration among other proposals, a proposal by The Life Insurance Company of Detroit, and a proposal by the Farmers Union Life Insurance Company of Iowa. That the said proposal of the Farmers Union Life Insurance Company of Iowa was a proposal for a non-contributory group profit-sharing life insurance program, as provided in the resolution passed by the said delegates in due assembly as aforesaid. That the said Farmers Union Life Insurance Company is and was at all times herein mentioned a reliable and responsible life insurance company, and is authorized by the laws of the State of Iowa to write and issue a voluntary profit-sharing group life insurance policy for fraternal organization such as the defendant herein.

"That said proposal of the said Farmers Union Life Insurance Company was, through the insistence of committee-members Mollie V. Keller, rejected by a majority of said committee-members.

"That thereafter, through the manipulation and insistence of said committee-member Mollie V. Keller, a contract was entered into by a majority of said committee-members with The Life Insurance Company of Detroit. A copy of said contract is attached hereto, made a part hereof, and marked Exhibit 'A.'

"Plaintiff states that the said contract does not provide for group life insurance, as in said resolution set forth, but for ordinary life insurance which carries a much greater basic rate than does group life insurance. That as a result thereof, the said members of the said organization are and will be penalized and compelled to pay an excessive and exhorbitant rate of premium for the amount of protection received. But your plaintiffs state that regardless of the fact that the contract did not provide for group insurance, and that the members of said organization were being charged an excessive and exorbitant rate of premium, the same, at the instance and connivance of said committee-member Keller, was executed by a majority of the membership and delivered to The Life Insurance Company of Detroit, which now holds same.

"That said committee members, is so signing said contract, were acting beyond the scope of their authority as authorized by the said resolution constituting said committee, and that said contract is wholly void for the reason that it is and was in excess of the authority of said committee, of which authority The Life Insurance Company of Detroit was charged with notice and knowledge.

"Your plaintiffs state that defendant intends and is now threatening to enforce said contract unless restrained and enjoined by this Court, to the great prejudice of all members of this organization

and of these plaintiffs, and in violation of all members' of the organization and these plaintiffs' rights as members of said organization. Plaintiffs state that they have no adequate remedy at law.

"Wherefore, for their first count, plaintiffs pray that the said defendant, its agents and officers, be temporarily enjoined and restrained from in any manner taking or transmitting applications for insurance, or in enforcing the said contract during the pendency of this action; and upon final hearing that said contract be adjudicated to be void and of no effect; that the same be ordered to be delivered up and cancelled; and for such other and further relief as the Court shall deem meet and just."

## Count 2.

"Plaintiffs for their second count re-allege and reaffirm all of the matters set forth in Count 1 pertaining hereto, and state that the said committee-member Kelly, in fraudulent disregard of the trust bestowed upon her by said organization, had information and knowledge that one Harry Rosenberg, of New York City, was securing a commission of twenty-five per cent (25%) on the first year's premium of all policies written through said Order; and that the basis, or ordinary premium was being increased twenty-five per cent (25%) thereof; and that the said committee-member Keller did not divulge to any of said committee members that the said Rosenberg was receiving the said commission, or that the premium to her fraternal sisters was being increased in order to pay the said Rosenberg the said commission. That the said committee-member Keller, although knowing of said commission, denied at the meeting of said committee that any such commission was to be paid, and the committee, relying on the statements of the said Keller that no commissions were being paid and believing in the integrity and truthfulness of the said Keller, were thereby misled by the said committee-member Keller and by her unfaithfulness to her trust; and by reason thereof, signed and executed the contract aforesaid without knowledge of the breach of trust on the part of committee-member Keller and without knowledge that they were obligating the members of their Order to pay a secret commission and excessive premium for said insurance in the amount of twenty-five per cent (25%). Plaintiffs further state that The Life Insurance Company of Detroit and its officers also had knowledge that a commission was to be paid to the said Rosenberg. And your plaintiffs state that by reason thereof, the said contract is void and of no effect.

"Your plaintiffs further state that defendant, in pursuance of said pretended contract, intends and threatens to enforce the said contract and to take applications for insurance pursuant thereto unless enjoined and restrained by this Court, to the great prejudice of the members of the Pythian Sisters and the plaintiffs, and in vio-

lation of the rights of the members and of the plaintiffs as members of said organization.

"Plaintiffs state that they have no adequate remedy at law.

"Wherefore, for their second count, plaintiffs pray that the defendant, its officers and agents be temporarily enjoined and restrained from taking or transmitting applications for insurance, or in any manner enforcing the said contract during the pendency of this action; and upon final hearing that the said contract be adjudicated to be void and of no effect; that the same be ordered to be delivered up and cancelled; and for such other and further relief as the court shall deem meet and just."

Relator says that the courts have no power to regulate the internal policies of a fraternal order without a showing by petitioners that they had previously exhausted their remedies within the order. We are not called upon here to rule on this contention. While it is true that relator alleged in its application for a writ of prohibition that the petition for injunction contained no allegation to the effect that petitioners had attempted to establish their rights within the organization before resorting to the courts, although the constitution and by-laws of relator "provide adequate and ample provisions for such relief," respondents, in their return, did not admit the truth of such allegation, and denied all allegations not therein specifically admitted. To this return relator filed motion for judgment on the pleadings, the effect of which is to admit the truth of all material facts well pleaded in the return for our purposes; and the allegations in the pleadings of the mover of the motion cannot be considered. [State ex rel. Finch v. Duncan, 193 S. W. 950, l. c. 952.]

Relator also urged that the contract made with the Detroit Insurance Company is within the terms of the resolution adopted at relator's convention. That contention should be addressed to the lower court if it had jurisdiction. We are powerless to prevent, by writ of prohibition, an apprehended error on the part of the circuit court. We are concerned solely with the question of that court's jurisdiction. [State ex rel. Bomschwig v. Hartman, 221 Mo. App. 215, 300 S. W. 1054, l. c. 1059.]

The only question we are now concerned with is: Does a member of a fraternal beneficiary corporation, such as relator, have a right to demand the order circumscribe its activities by its charter powers, its by-laws, and by the authority of the will of its members, duly ascertained, within the confines of its charter, by-laws, and the general law? We think a member has such a right. This court, speaking through BLAND, J., in Whitehead v. Farmer's Mutual Insurance Company, 60 S. W. (2d) 65, l. c. 70, said:

"A single stockholder has an undoubted right to maintain a suit in equity to restrain the directors from the consummation of a

contemplated breach of trust or an act *ultra vires* of the corporation and he may have relief against such acts where they have been consummated. The remedy proceeds as one or both of the following grounds: 1. That the shareholders have the right to have the directors restrained from doing a threatened or contemplated act which would subject the franchise of the corporation to forfeit at the suit of the government. 2. That they have the right to have them restrained from applying funds of the corporation to objects other than those warranted by the governing instrument of the corporation. But the acts of the directors must amount to a positive breach of trust. A court of equity will not control the discretion of the managing bodies of corporations though ill advised or apparently unprofitable to the stockholders. And the fact that illegal or fraudulent acts have been committed by the board of directors will not entitle a shareholder to injunction unless there is a threatened repetition of such action. *The shareholder has a clear right to an injunction to restrain the directors and agents of the corporation from employing its funds or property contrary to or in a manner not authorized by its charter, articles of association or the governing statutes,* and this is the rule deducible from the authorities notwithstanding the fact that no loss would probably result to the corporation from the act, and there was no intention on the part of the directors to violate the law or commit a fraud. The reason is that these instruments form a part of the contract entered into between the stockholders and the corporation and makes and defines the limits within which they have agreed to employ the corporate funds. Each stockholder has a right to stand upon the contract and to see that the joint fund shall not be employed contrary to the contract and he has the right to the aid of a court of equity to prevent its misapplication without regard to his motives.

"This is a mere case of *ultra vires* to correct which a stockholder may have injunction. . . .

We held this to be the law, even though the evidence established that the company was making, and not losing money, by reason of the *ultra vires* act there complained of. [See, also, Bromschwig v. Carthage Co., 66 S. W. (2d) 889, l. c. 892; Sections 1526, 3314 3994, Fletcher's Cyclopedia of Corporations; 14 C. J., 875-876.]

It is the contention of respondents that relator's acts here mentioned are *ultra vires*.

This court said, Bolin v. Sovereign Camp W. O. W., 112 S. W. (2d) 582, l. c. 588:

"The term '*ultra vires*' has a broad application and includes not only acts prohibited by the charter, but acts which are in excess of powers granted and not prohibited."

Our opinion in that case was quashed by the Supreme Court of the

United States, but the quashal does not detract from the force of the quoted declaration. It is said, 14A C. J., 97:

"Where an executive committee is appointed with limited powers or for a specific purpose, it cannot bind the corporation by acts done in excess of the authority conferred."

Whether or not the alleged action of relator is *ultra vires* its power is a question which can be determined only after ascertaining the facts. The circuit court has jurisdiction to determine the question.

The rule with respect to the rights of a member of a fraternal beneficiary society in the event such society acts *ultra vires* is similar to that obtaining in the case of other corporations:

"The authority of the officers and agents of a beneficial association depends sometimes on statute and sometimes on special instructions issued by the society, but ordinarily it depends on the provisions of the charter of incorporation or the articles of association and the constitution and by-laws of the association. Officers of the society cannot, as a rule, bind it by acts done by them beyond the scope of their authority, in the absence of ratification, although the society may under some circumstances be bound *quasi ex contractu*.

"The execution of a power conferred on an officer or an agent of a beneficial association depends on the rules generally applicable to voluntary associations, to corporations, and to principal and agent." [7 C. J. 1091-1092.]

From the above it appears that petitioners have at least attempted to say, in their petition for injunction, that relator is acting beyond its power. If its contention is borne out by the facts we think they have a right to prevent the use of the services of the officers and employees of relator, as well as its offices, files and other property and equipment, (all of which is paid for out of joint funds contributed by all members), from being devoted to such unauthorized purposes, regardless of whether the venture actually prove to be profitable or unprofitable.

The circuit court has jurisdiction to determine the question of whether or not the act complained of is *ultra vires*. Our preliminary writ is hereby quashed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The preliminary writ is hereby quashed. All concur.