STATE *ex rel.* CITY of MANSFIELD, Missouri, and G. C. Freeman, Mayor, and Tom Abrams, Joe Bottomly, Dennis Lynch and E. R. Smith, Aldermen of the City of Mansfield, Missouri, Petitioners,

v.

Honorable Joe C. CRAIN, Judge of the Circuit Court of Wright County, Missouri, and of the 31st Judicial Circuit, Respondent.

No. 7557.

Springfield Court of Appeals.

Missouri.

March 28, 1957.

Wayne T. Walker, B. H. Clampett, Walker, Daniel, Clampett and Rittershouse, Springfield, for petitioners.

E. C. Curtis, Farrington & Curtis, Springfield, for respondent.

## PER CURIAM.

We issued preliminary writ of prohibition in restraint of an injunction suit brought by Se-Ma-No Electric Cooperative (hereinafter called company) against the City of Mansfield and certain persons designated as its mayor and board of aldermen (hereinafter referred to collectively as city). The proceeding under attack and now under restraint was commenced by a petition which declared that the company was the owner of a franchise (dated May 1942 and to expire in twenty years) to maintain and operate an electrical distribution system within the city; also that the company was the holder of two contracts (both dated November 1950 and to extend for ten years), one for the operation of a street lighting system and the other for furnishing of electrical energy for the pumps of the city's water system; that in reliance upon the franchise and contracts "and in reliance upon the further assurance and agreement of the duly elected officials of the defendant City * * * that said city would not compete with plaintiff during the term of said franchise and contracts" the company purchased and thereafter improved the distribution system at great expense. The petition does not state, nor do the attached exhibits show, any *express agreement* that the franchise is *exclusive*, or that the city *ex-*

*pressly agreed not to compete*, but it does plead that by the execution of said franchise and contracts the city *impliedly* agreed not to compete. The petition then recited that the residents of the city had voted bonds for the construction of an electrical transmission system, that the city officials had contracted for the sale of such bonds and authorized contracts for construction of such system and that, unless restrained, the city would enter into direct competition with the company. It specifically pleaded impairment of contract, the violation of Art. I, sec. 10, Constitution of the United States, and Art. I, sec. 13, Constitution of Missouri 1945, V.A.M.S., and the taking of property without due process in violation of Art. XIV, sec. 1, Amendments to the Constitution of the United States, and Art. I, sec. 10, Constitution of Missouri.

On June 8, 1956, the company gave notice that it would on June 11 apply for a temporary injunction, and on June 11 the court granted temporary injunction restraining the city from proceeding with sale of bonds or construction of the proposed system until further order. Thereupon the city applied to this court and the preliminary writ was issued.

The grounds stated in the petition for this writ were that the company's petition "wholly fails to state a claim upon which relief can be granted; that said petition wholly fails to state grounds for an injunction," and that the judge of said court "was and is without jurisdiction to enjoin or restrain petitioners * * * in the manner and particulars mentioned herein," and that he was acting in excess of his jurisdiction. The return to the writ in effect is an assertion of jurisdiction and a denial that the petition for injunction fails to state a cause of action. It further charges that no effort to attack the petition was made in the court of first instance and asserts preclusion of relators in this court for such reason. The reply to this return admits that no effort was made to attack the petition for injunction but denies that such failure precludes

the city; and again denies that the "petition for injunction stated (or can be amended to state) grounds for injunctive relief * * *."

We first inquire into our jurisdiction. *Does a court of appeals have jurisdiction to issue and enforce prohibition against proceeding on a petition wherein a constitutional question is directly raised; (or any other question within the exclusive appellate jurisdiction of the supreme court* as defined in sec. 3, Art. V, Constitution 1945).

Clearly we had no such jurisdiction prior to the Constitution of 1945. State ex rel. Blakemore v. Rombauer, 101 Mo. 499, 14 S.W. 726; State ex rel. Hazel v. Watkins (in banc), 295 Mo. 648, 245 S.W. 1057; State ex rel. Ghan v. Gideon, Mo.App., 119 S.W.2d 89; State ex rel. Duraflor Products Co. v. Pearcy, 325 Mo. 335, 29 S.W.2d 83, 88; State ex rel. Wurdeman v. Reynolds, 275 Mo. 113, 204 S.W. 1093. But these holdings were under the Constitution of 1875, Amendment of 1884, Art. VI, sec. 5, which provided [101 Mo. 499, 14 S.W. 727]:

"'In all causes or proceedings reviewable by the supreme court, writs of error shall run from the supreme court * * * and the supreme court shall have exclusive jurisdiction of such writs of error and appeals, *and shall in all such cases exclusively exercise superintending control over such trial courts.*'"

Thus the italicized clause gave to the supreme court exclusive jurisdiction of superintending control over trial courts where an appeal would be within the exclusive jurisdiction of the supreme court. The above cited cases emphasize that clause in disposing of the question of superintending control. However, sec. 4, Art. V, of the Constitution of 1945 contains no such limitation. It provides:

"The supreme court, courts of appeals, and circuit courts shall have a general superintending control over all

inferior courts and tribunals in their jurisdictions, and may issue and determine original remedial writs."

■ The issuance of original remedial writs is not an appellate process, hence limitations solely on the appellate jurisdiction, as such, do not in themselves affect the supervisory process, which represents the application of judicial policy. 14 Am.Jur., Courts, sec. 266, p. 462; 21 C.J.S., Courts, § 312, p. 563; High's Extraordinary Legal Remedies, 3rd ed., sec. 785a, p. 742; see State ex rel. State Highway Commission v. McDowell, 236 Mo.App. 304, 152 S.W.2d 223(5); see also 112 A.L.R. 1365 et seq.; State of Wisconsin ex rel. Fourth National Bank v. Johnson, 103 Wis. 591, 79 N.W. 1081, 51 L.R.A. 33, et seq.

■ In State ex rel. Duggan v. Kirkwood (in banc), 357 Mo. 325, 208 S.W.2d 257, loc. cit. 262, 2 A.L.R.2d 216, decided in 1948, the court said:

"Respondent also contends that we do not have jurisdiction because it is not shown with certainty that the amount involved is in excess of $7,500. Our jurisdiction is invoked under Section 4, Article V of the Constitution which gives us superintending control over circuit courts and states that we may issue and determine original remedial writs. Therefore, it is not necessary that over $7,500 be involved."

Since the section above referred to, in the same and equal language, gives the courts of appeals the same supervisory power over courts inferior to them, it is difficult to see why our jurisdiction does not obtain. It may well be, however, that the courts of appeals in this state may choose to adopt the well-established practice of the district courts of appeals in California (where the constitution likewise provides for equal and concurrent jurisdiction) in exercising great forbearance in the issuance of writs in certain cases, not because of "questions of appellate jurisdiction and of the nature of the action," but as a matter of judicial policy and practice, which is not to intrude upon the court which has time-hallowed jurisdiction of such cases on appeal.[1]

However, we are of the opinion that courts of appeals now have concurrent jurisdiction with the supreme court in exercising supervisory control over all inferior courts within the *territorial jurisdiction* of the respective courts of appeals, and may issue remedial writs to accomplish that control. We construe the clause, "in their jurisdictions," found in sec. 4, Art. V, to mean their *territorial jurisdictions.*

■ Respondent urges that our writ should not issue because relators' petition is insufficient, in that it does not specifically allege that the injunction petition fails to state a cause of action *and cannot be amended to state a cause of action.* Certain allegations of the petition for prohibition and the reply to the return are quoted supra. The fundamental basis of the cause of action stated in the injunction petition

---

1. Favorite v. Superior Court of Riverside County, 181 Cal. 261, 184 P. 15, 8 A.L.R. 290; Moon v. Superior Court of Los Angeles County, 59 Cal.App.2d 447, 139 P.2d 84; Waidley v. Superior Court of Los Angeles County, 51 Cal.App.2d 690, 125 P.2d 507, 508; Gunder v. Superior Court of Riverside County, 100 Cal.App. 334, 279 P. 822, 823; Vallejo Bus Co. v. Superior Court of Solano County, 19 Cal.App.2d 201, 65 P.2d 86.
There is some intimation of such policy in State ex rel. Dahm v. Goodin, Mo. App., 295 S.W.2d 600(1), loc. cit. 603. The Supreme Court of Missouri for a long time gave its allegiance to a some-what kindred policy by its Rule 32 (see vol. 351 Mo. vi), now 42 V.A.M.S. Supreme Court Rules, rule 1.23 wherein it declared that it would issue no original remedial writ in any case where adequate relief * * * could be afforded * * * by application for such writ to a court having concurrent jurisdiction. See State ex rel. Douglas v. Tune (in banc), 273 Mo. 255, 200 S.W. 1062; State ex rel. General Motors Acceptance Corp. v. Brown (in banc), 330 Mo. 220, 48 S.W.2d 857; State ex rel. Goldman v. Missouri Workmen's Compensation Commission (in banc), 325 Mo. 153, 27 S.W.2d 1026.

is to the effect that the City of Mansfield, by the execution of the franchise now owned by Se-Ma-No, and by executing the street lighting and pumping station contracts, *impliedly* agreed not to compete with the company in the transmission and distribution of electrical energy within said city for the term and duration of said franchise and contracts. The injunction petition does not allege, nor do the attached exhibits show, any *express agreement* that the franchise is *exclusive,* or that the city *expressly agreed not to compete* with Se-Ma-No. Under such circumstances, there can be no *implied* limitation upon the right of the City of Mansfield to construct and operate a power plant. Cases specifically so holding are Memphis Electric Light, Heat and Power Co. v. City of Memphis, 271 Mo. 488, 196 S.W. 1113; City of Joplin v. Southwest Missouri Light Co., 191 U.S. 150, 24 S.Ct. 43, 48 L.Ed. 217; Kansas City Power & Light Co. v. Town of Carrollton, 346 Mo. 802, 142 S.W.2d 849. These cases review many other authorities on the subject.

■■ The injunction petition also contains a general allegation that it relied upon the assurances and agreement of the duly elected officials of the City of Mansfield that said city would not compete with Se-Ma-No during the term of the franchise and contracts. It is not alleged or contended in the brief that such assurance or agreement was in writing or by ordinance. Such a general allegation fails to state any ground for injunctive relief. Sec. 432.070 RSMo 1949, V.A.M.S., requires that contracts made with a city must be in writing and duly executed as therein provided. It has been repeatedly held that the requirements of this section are mandatory, not

directory, and that a contract not so made is void. Grauf v. City of Salem, Mo.App., 283 S.W.2d 14; Bride v. City of Slater, Mo.Sup., 263 S.W.2d 22, 26; Kansas City v. Rathford, 353 Mo. 1130, 186 S.W.2d 570, 574; Donovan v. Kansas City, 352 Mo. 430, 175 S.W.2d 874, 881–882(1), modified 352 Mo. 430, 179 S.W.2d 108.

It is our conclusion that the injunction petition does not state a cause of action and cannot be amended to state a cause of action upon any theory within the purview of the facts alleged, and it is not suggested how such petition can be amended without proceeding upon a different theory and cause of action.

Is prohibition a proper remedy under the circumstances outlined supra?

■■ Prohibition had its ancient origin in the sovereigns' courts. Its purpose is to prevent the usurpation of power by other courts. State of Wisconsin ex rel. Fourth Nat. Bank v. Johnson, 103 Wis. 591, 79 N.W. 1081, 51 L.R.A. 33. It is a prerogative writ and, although called remedial, is primarily preventive in character. Its function is to restrict the judicial person or body to which it is directed from acting in some case or proceeding in which it has no jurisdiction, or, having such jurisdiction, is undertaking to do some act in excess of the jurisdiction possessed, and (usually) where there is no adequate means of redress by appeal or other process.[2] In injunction cases it is sometimes said that the writ goes to prevent a court of equity from attempting to act in a situation where there are no "special circumstances bringing the case under some recognized head of equity jurisdiction."[3]

2. High's Extraordinary Legal Remedies, 3rd ed., secs. 764a to 772, inclusive, pp. 708–721; State ex rel. Warde v. McQuillin (in banc), 262 Mo. 256, 171 S. W. 72; State ex rel. W. A. Ross Const. Co. v. Skinker, 341 Mo. 28, 106 S.W.2d 409; State ex rel. Schoenfelder v. Owen, 347 Mo. 1131, 152 S.W.2d 60; State ex rel. Kenamore v. Wood (in banc), 155 Mo. 425, 56 S.W. 474, 48 L.R.A. 596.

3. State ex rel. Johnson v. Sevier (in banc), 339 Mo. 483, 98 S.W.2d 677; State ex rel. Kenamore v. Wood, 155 Mo. 425, 56 S.W. 474, 48 L.R.A. 596; State ex rel. Hog Haven Farms v. Pearcy, 328 Mo. 560, 41 S.W.2d 403; State ex rel. and to use of Bader v. Flynn, 236 Mo.App. 577, 159 S.W.2d 379;

■■ The writ does not take the place of a demurrer nor of an appeal or writ of error.[4] It has been said many times that if the court has jurisdiction of the person and the subject matter it has jurisdiction to commit error, and prohibition has no place in the correction of such error.[5] Nor can it be used to coerce a judgment or control the decision of another court.[6] "Where it may be gleaned from the petition that the cause of action attempted to be stated belongs to that class of cases of which the circuit court has general jurisdiction, that court has jurisdiction to determine the sufficiency or insufficiency of the petition, and, if it should hold a bad petition good, or a good petition bad, such holding would be error which could be corrected by appeal or other appropriate remedy, but it furnishes no ground for prohibition." State ex rel. Leake v. Harris (in banc), 334 Mo. 713, 67 S.W.2d 981, 982. Injunction suits to restrain construction of municipal power plants in violation of the rights of the owners of such plants lie within a recognized field of equity jurisdiction. Memphis Electric Light, Heat & Power Co. v. City of Memphis, 271 Mo. 488, 196 S.W. 1113; Missouri Public Service Corp. v. Fairbanks, Morse & Co., 8 Cir., 95 F.2d 1; City of Vicksburg v. Vicksburg Waterworks Co., 202 U.S. 453, 460, 26 S.Ct. 660, 50 L.Ed. 1102.

It is not ordinarily difficult to distinguish between situations where the court palpably has no jurisdiction to begin with, and those in which the court has jurisdiction of the subject matter and, moving within such jurisdiction, simply arrives at an erroneous conclusion. A greater difficulty is in locating and defining the line of demarcation between those cases where the court has jurisdiction of the subject matter, yet undertakes by some act to exceed such jurisdiction so obtained and is therefore subject to prohibition, and those where the court has jurisdiction and is simply acting erroneously within such jurisdiction. See State ex rel. Kansas City Public Service Co. v. Waltner, 350 Mo. 1021, 169 S.W.2d 697. Just when does the erroneous act go so far beyond the pale of law as to become an excess of jurisdiction? The line of demarcation can, under some circumstances, be a twilight zone, a no man's land over which opinions and some dissents have surged back and forth. Schubach v. McDonald, 179 Mo. 163, 78 S.W. 1020, 65 L.R.A. 136; State ex rel. Kenamore v. Wood, 155 Mo. 425, 56 S.W. 474, 48 L.R.A. 596; State ex rel. McNamee v. Stobie, 194 Mo. 14, 92 S.W. 191. Some courts have left the line flexible by stating that (this being a prerogative writ) the determination must be made from the peculiar circumstances of every case; a necessary conclusion, but one of little aid to the searching lawyer who wishes to know whether the writ applies to his case. Some decisions have extended the application of the writ into the no man's land by referring to the act in question in language such as "not essential that the proceeding in dispute should be so entirely void as to warrant a declaration of nullity

State ex rel. Supreme Temple of Pythian Sisters v. Cook, 234 Mo.App. 898, 136 S.W.2d 142.

4. State ex rel. Farmers' Exchange Bank v. Beals, Mo.App., 55 S.W.2d 1005; State ex rel. Wells v. Hough, 193 Mo. 615, 91 S.W. 905; State ex rel. St. Louis Cooperage Co. v. Green, Mo.App., 92 S.W.2d 930.

5. State ex rel. Terminal R. Ass'n. of St. Louis v. Tracy (in banc), 237 Mo. 109, 140 S.W. 888, 37 L.R.A.,N.S., 448; State ex rel. Bromschwig v. Hartman, 221 Mo.

App. 215, 300 S.W. 1054; State ex rel. Kochtitzky v. Riley (in banc), 203 Mo. 175. 101 S.W. 567, 12 L.R.A.,N.S., 900; Schubach v. McDonald (in banc), 179 Mo. 163, 78 S.W. 1020 65 L.R.A. 136; State ex rel. McNamee v. Stobie (in banc), 194 Mo. 14, 92 S.W. 191; State ex rel. W. A. Ross Const. Co. v. Skinker, 341 Mo. 28, 106 S.W.2d 409; see Ferris, Extraordinary Legal Remedies, sec. 326, p. 443.

6. State ex rel. Drainage Dist. No. 8 of Pemiscot County v. Duncan, 334 Mo. 733, 68 S.W.2d 679.

upon a collateral inquiry," "excessive and unauthorized application of judicial force," [7] "judicial force in excess of its power and authority so to do," [8] "abuse of jurisdiction" and "exercise of jurisdiction in an oppressive manner." [9]

Many cases give as reasons for issuance of the writ that the plaintiff has not stated, and his petition *cannot be amended to state,* a cause of action (and there is no adequate remedy by appeal or other process). [10] Although a rule welded from such statements may not follow strict theory, in that it makes the inability to act without error synonymous with a lack of jurisdiction to commit the error, it does furnish a practical guide to distinguish between error within jurisdiction and excess of jurisdiction. In applying this test we must be careful not to make the writ assume the proportions of a glorified demurrer, and we are aware that such test, in some cases and without further limitation, presupposes an almost omnipotent power of speculation in divining what facts the respondent (or rather those for whom he suffers the writ) might be able to allege.

█ In State ex rel. Henderson v. Cook (in banc), 353 Mo. 272, 182 S.W.2d 292, the court further, at least impliedly, qualified the application of this test by stating that the petition could not be amended to state a cause of action *without a departure.* It seems that a practical rule for us to follow would be to issue the writ where the petition does not lay before the court a situation because of which such court can, under the law, grant some relief or take some action except to dismiss the petition, and where it further appears that no such cause can be stated by amendment without deviation from the substance of the petition so far as to result in what would have been analogous to a departure prior to our 1945 civil code. [11] In making our determination as to whether a cause of action can be stated we should give the petition so attacked the benefit of the doubt, for the writ is to be used with forbearance and is not to be issued in case of doubt. State ex rel. Reed v. Harris (in banc), 348 Mo. 426, 153 S.W. 2d 834, 837. However, if it is not apparent to us from an examination of the whole record that a cause of action could be stated, then the failure of the respondent, relying upon the possibility of such amendment, to suggest how or in what manner amendment might be made to state a legal cause of action would incline us to the belief that no such cause of action could possibly be stated. We so hold in the instant case, as stated supra.

It is next contended by respondent that relators made no attack upon the sufficiency of the injunction petition in the trial court,

7. St. Louis, K. & S. R. Co. v. Wear (in banc), 135 Mo. 230, 36 S.W. 357, 363, 33 L.R.A. 341; see State ex rel. Schoenfelder v. Owen, 347 Mo. 1131, 152 S.W. 2d 60; State ex rel. Elliott v. James, 239 Mo.App. 970, 194 S.W.2d 700.

8. State ex rel. Farmers' Exchange Bank v. Beals, Mo.App., 55 S.W.2d 1005, 1007.

9. State ex rel. Henry v. Cracraft, 237 Mo.App. 194, 168 S.W.2d 953, 955.

10. State ex rel. Smith v. Joynt (in banc), 344 Mo. 686, 127 S.W.2d 708; State ex rel. Reed v. Harris (in banc), 348 Mo. 426, 153 S.W.2d 834; State ex rel. Barnett School District v. Barton, Mo. App., 104 S.W.2d 284; State ex rel. National Refining Co. v. Seehorn, 344 Mo.

547, 127 S.W.2d 418; State ex rel. Supreme Temple of Pythian Sisters v. Cook, 234 Mo.App. 898, 136 S.W.2d 142; State ex rel. Johnson v. Sevier, 339 Mo. 483, 98 S.W.2d 677; State ex rel. Cockrum v. Southern (in banc), 229 Mo.App. 749, 83 S.W.2d 162; Dahlberg v. Fisse, 328 Mo. 213, 40 S.W.2d 606; see State ex rel. Massman Const. Co. v. Buzard, 346 Mo. 1162, 145 S.W.2d 355.

11. As to whether proceedings of this sort are governed by the 1945 code or by the general law on the subject and the common law practice, see State ex rel. Burton v. Montgomery (in banc), 316 Mo. 658, 291 S.W. 472, 474; State ex rel. Fenn v. McQuillin (in banc), 256 Mo. 693, 165 S.W. 713, 718.

and made no effort to quash the temporary injunction, and are, therefore, not entitled to a writ of prohibition.

■ As a general rule, a writ of prohibition will not be issued to an inferior court unless the attention of the court whose proceeding it is sought to arrest has been called to the alleged lack or excess of jurisdiction. The foundation of this rule is the respect and consideration due to the lower court and the expediency of preventing unnecssary litigation. But there are many well recognized exceptions to this general rule. See 42 Am.Jur., Prohibition, sec. 39, pp. 172–173.

Our courts have never recognized this requirement as a hard and fast rule. State ex rel. McEntee v. Bright, 224 Mo. 514, 526, 123 S.W. 1057, 1060; State ex rel. McCaffery v. Aloe, 152 Mo. 466, 484, 54 S.W. 494, 498, 47 L.R.A. 393; State ex rel. Anheuser-Busch Brewing Ass'n v. Eby, 170 Mo. 497, 518, 71 S.W. 52, 59; State ex rel. Missouri Pac. Ry. Co. v. Williams, 221 Mo. 227, 120 S.W. 740.

■ In the Aloe case, with the same question at issue, the court said, "It is not a jurisdictional requirement; it is not essential, like a motion for a new trial before appeal. The writ of prohibition does not issue ex debito justitiae, but only in the discretion of the court. When the applicant has made out his prima facie case bringing it within the technical requirements of the law, the question still remains for the court, does the real right and justice of the case call for this extraordinary remedy? In determining the question, if there is anything in the circumstances suggesting that the party has neglected to apply for relief that was reasonably available, the writ would be withheld, at least until such relief was sought. The supreme court of California * * * took this view of the subject, and held that the failure to apply to the lower court to discharge the receiver did not justify a denial of the writ of prohibition." Many other

cases in this and other states have recognized various exceptions to this general rule by stating, in effect, that because the return of the respondent judge affirms his jurisdiction, or the brief argues it, it follows that it would have been useless for the relator to make his attack in the first instance. State ex rel. Henderson v. Cook, 353 Mo. 272, 182 S.W.2d 292; State ex rel. Missouri Pac. Ry. Co. v. Williams, 221 Mo. 227, 120 S.W. 740; State ex rel, Burton v. Montgomery, 316 Mo. 658, 664, 291 S.W. 472; State ex rel. Ross v. Sevier, 334 Mo. 977, 69 S.W.2d 662, 666; State ex rel. Moberly v. Sevier, 337 Mo. 1174, 88 S.W.2d 154; 35 A.L.R. 1095. In the present case, the respondent asserts in his return, and in the briefs, that the injunction petition does state a cause of action and that he had jurisdiction to issue the temporary restraining order. Furthermore, he has taken affirmative action on the injunction petition by granting the temporary restraining order. It is to be presumed that he considered the sufficiency of the petition before granting such order, because: "An injunction is no mere routine order. An injunction 'is an equitable remedy, and has been held the principal and the most important process issued by courts of equity.' * * * An injunction is not a matter of right and 'its granting rests in the sound discretion of the Court, to be exercised in accordance with well settled equitable principles and in the light of all the facts and circumstances in the case.'" State ex rel. Ellis v. Creech, 364 Mo. 92, 259 S.W.2d 372, 374. Under the decisions and the existing circumstances herein, we are of the opinion that the fact that no objection to respondent's jurisdiction was raised in the lower court becomes immaterial. It would have availed relators nothing.

Unquestionably, it would have been good practice if relators had challenged the jurisdiction of the respondent before applying for prohibition, and had it been called to our attention in the first instance that such had not been done, we might have withheld the issuance of our preliminary

rule until the question had been presented to the respondent. State ex rel. McCaffery v. Aloe, supra, 54 S.W. 494. But we have issued our writ; the cause has been fully briefed and twice argued; a vital public interest is involved, and we think the matter should be disposed of without further delay.

From what we have said, it follows that our provisional rule in prohibition is made absolute and the temporary injunction is dissolved. State ex rel. Ellis v. Creech, supra, 259 S.W.2d 372, 375.

It is so ordered.

McDOWELL, P. J., RUARK, J., and CAVE, Special Judge, concur.